NO. 07-03-0093-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 13, 2003



______________________________




LINDA JEAN BRANUM, APPELLANT



V.



NORTHWEST TEXAS HEALTHCARE SYSTEM, INC. D/B/A 


AMARILLO MEDICAL SERVICE; BAPTIST ST. ANTHONY'S HOSPITAL


CORPORATION, D/B/A BAPTIST ST. ANTHONY'S HEALTH SYSTEM;


AND OWEN GROSSMAN, M.D., APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 88,546-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J. (1)

ON APPELLANT'S MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL


 Appealing from a summary judgment signed on November 7, 2002, in favor of
appellees, Linda Jean Branum filed her notice of appeal on February 20, 2003. A motion for
new trial was filed extending the time in which to file a notice of appeal to February 5, 2002. 
Rule 26.3 of the Texas Rules of Appellate Procedure allows this Court to extend the time in
which to file a notice of appeal for 15 days following the deadline if the party filing the notice
files a motion for extension of time in compliance with Rule 10.5(b) reasonably explaining
the need for an extension. Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998);
Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 

 By the motion for extension of time, counsel explains that the late filing was not
deliberate or intentional, but was the result of inadvertence and mistake. Counsel also notes
in his certificate of conference that due to time restraints, he was only able to contact counsel
for Baptist St. Anthony's Hospital, who is opposed to the motion for extension of time. In
Verburgt, the Court noted that appellate courts should not dismiss an appeal for a procedural
defect whenever any arguable interpretation of the Rules of Appellate Procedure would
preserve the appeal. 959 S.W.2d at 616. We accept counsel's explanation for failing to file
the notice of appeal within 90 days after the judgment was signed and conclude that
because the notice was filed within the 15-day window following the deadline, appellant
should be permitted to prosecute the appeal. See generally Boyd v. American Indem. Co.,
958 S.W.2d 379, 380 (Tex. 1997) (remanding the case to the court of appeals in light of its
decision in Verburgt to determine whether appellant offered a reasonable explanation). 
Accordingly, we grant the motion to extend the time in which to file the notice of appeal.

 It is so ordered.

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.