NO. 07-03-0295-CR


 07-03-0296-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 25, 2003



______________________________




CURTIS SCOTT JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,236-C; 44,237-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to a plea bargain Curtis Scott Jones plead guilty to two counts of murder.
The trial court sentenced him to 40 years confinement in the Texas Department of Criminal
Justice Institutional Division on each count. Appellant timely filed pro se notices of appeal
in the two cases. The trial court appointed counsel to represent appellant in his appeals.

 The clerk's records contain the trial court's certification in both records that these
are plea-bargained cases, and the defendant has no right of appeal. Tex. R. App. P.
25.2(a)(2) and (d). The records show the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant. Following
sentencing, appellant signed waivers of his right to appeal pursuant to the plea bargain
agreements. 

 The clerk of this court notified appointed counsel by letter on October 28, 2003, that
the appeals would be considered for dismissal on or after November 17, 2003, providing
an opportunity to respond. No response has been filed. As the records show that
appellant has no right of appeal, the appeals are dismissed. Tex. R. App. P. 25.2.


 James T. Campbell

 Justice



 

 


 

Do not publish. 



otion for extension of time, counsel explains that the late filing was not
deliberate or intentional, but was the result of inadvertence and mistake. Counsel also notes
in his certificate of conference that due to time restraints, he was only able to contact counsel
for Baptist St. Anthony's Hospital, who is opposed to the motion for extension of time. In
Verburgt, the Court noted that appellate courts should not dismiss an appeal for a procedural
defect whenever any arguable interpretation of the Rules of Appellate Procedure would
preserve the appeal. 959 S.W.2d at 616. We accept counsel's explanation for failing to file
the notice of appeal within 90 days after the judgment was signed and conclude that
because the notice was filed within the 15-day window following the deadline, appellant
should be permitted to prosecute the appeal. See generally Boyd v. American Indem. Co.,
958 S.W.2d 379, 380 (Tex. 1997) (remanding the case to the court of appeals in light of its
decision in Verburgt to determine whether appellant offered a reasonable explanation). 
Accordingly, we grant the motion to extend the time in which to file the notice of appeal.

 It is so ordered.

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.