**Gerald Matthew BOYD, Petitioner,**

v.

**AMERICAN INDEMNITY COMPANY, Respondent.**

No. 97–0515.

Supreme Court of Texas.

Dec. 4, 1997.

Charles L. Hoedebeck, Irving, for Petitioner.

David J. Schubert, Aaron L. Mitchell, Dallas, for Respondent.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, HECHT and OWEN, Justices, join.

In this case we consider whether the court of appeals erred in dismissing an appeal for want of jurisdiction based on a failure to file timely a motion for an extension of time to file a cost bond. Following this Court's ruling today in *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997), we reverse the judgment of the court of appeals.

Gerald Matthew Boyd sued American Indemnity Company for breach of contract, claiming American Indemnity failed to accept coverage and provide personal injury protection (PIP) benefits to Boyd following a car accident. The trial court granted summary judgment for American Indemnity on October 18, 1996. Boyd filed a timely motion for new trial on November 18, 1996. On January 27, 1997, eleven days after the date it was due, Boyd filed a cash deposit in lieu of cost bond. He failed, however, to file a motion for extension of time. *See* TEX.R.APP. P. 41(a)(2) (Vernon Supp.1997, repealed 1997).[1] In response to a request from the court of appeals for briefing on jurisdiction in light of the court's belief that the cash deposit was not timely, Boyd filed a motion for extension of time on February 26, 1997. He explained that he mistakenly believed that he had thirty days from the date his motion for new trial was overruled to perfect his appeal. The court of appeals dismissed the appeal for want of jurisdiction. 959 S.W.2d 615.

Based on our holding today in *Verburgt*, we hold that the court of appeals erred in dismissing the appeal because Boyd impliedly moved for an extension of time to file his bond under former Rule 41(a)(2) of the Texas Rules of Appellate Procedure. Accordingly, under Rule 59.1 of the Rules of Appellate Procedure, the Court grants Boyd's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals. We remand the case to that court to decide whether Boyd offered a reasonable explanation for

his failure to timely file. *See* TEX.R.APP. P. 41(a)(2) (Vernon Supp.1997, repealed 1997).

ENOCH, BAKER and ABBOTT, JJ., note their dissent.

HANKINSON, J., did not participate in the decision.

---

1. The Texas Rules of Appellate Procedure were renumbered and substantially revised on September 1, 1997. *See* 60 TEX. B.J. 876 (1997).