Jerry H. HARLAN and W.C. Daily, Petitioners,

v.

**HOWE STATE BANK, Respondent**

No. 97–0343.

Supreme Court of Texas.

Dec. 4, 1997.

Rehearing Overruled Feb. 13, 1998.

Robert C. Jenevein, Dallas, for Petitioners.

William Riley Nix, Sherman, for Respondent.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice and GONZALEZ, HECHT and OWEN, Justices, join.

In this case we consider whether the court of appeals erred in dismissing an appeal for want of jurisdiction based on a failure to file timely a motion for an extension of time to file a cost bond. Following this Court's ruling today in *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997), we reverse the judgment of the court of appeals.

Howe State Bank (now First Bank of Howe) foreclosed on land owned by Jerry H.

---

Harlan and W.C. Daily. Harlan and Daily filed suit alleging the Bank failed to give proper notice of the foreclosure. On June 11, 1996, the trial court granted summary judgment in favor of the Bank. On July 9, 1996, Harlan and Daily filed a timely motion for new trial. On September 20, 1996, 101 days after the summary judgment was signed, Harlan and Daily made a cash deposit in lieu of cost bond in an effort to perfect their appeal. There was a dispute, however, whether Harlan and Daily filed a motion for an extension of time to file their deposit in lieu of bond. *See* TEX.R.APP. P. 41(a)(2) (Vernon Supp.1997, repealed 1997).[1] The Bank moved for dismissal for want of jurisdiction based on the fact that the Bank had not received a file-stamped copy of such a motion, nor could the clerk of the court of appeals locate an original. Harlan and Daily's attorney filed a response, supported by affidavit, that a motion for extension of time had been timely filed. The court of appeals dismissed for want of jurisdiction. 959 S.W.2d 615.

Based on our holding today in *Verburgt,* we hold that the court of appeals erred in dismissing the appeal because Harlan and Daily impliedly moved for an extension of time by filing their cash deposit within the time allowed by former Rule 41(a)(2) of the Rules of Appellate Procedure. Accordingly, under Rule 59.1 of the Rules of Appellate Procedure, the Court grants Harlan and Daily's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals. We remand the case to that court to allow it to determine whether Harlan and Daily offered a reasonable explanation for their failure to timely file their cash deposit in lieu of bond. *See* TEX.R.APP. P. 41(a)(2) (Vernon Supp.1997, repealed 1997).

ENOCH, BAKER, ABBOTT and HANKINSON, JJ., note their dissent.

---

1. The Texas Rules of Appellate Procedure were renumbered and substantially revised on Sep-

tember 1, 1997. *See* 60 TEX. B.J. 876 (1997).