**David Lynn WEIK, Appellant,**

v.

**SECOND BAPTIST CHURCH OF HOUSTON and David Russell Dixon, Appellees.**

No. 01–95–00625–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1999.

Rehearing Overruled April 9, 1999.

---

Stephen E. Menn, David Weik, Houston, for Appellant.

Kyle R. Sears, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

### OPINION

ADELE HEDGES, Justice.

Appellant, David Lynn Weik, is appealing the trial court's order dismissing the underlying lawsuit for want of prosecution. The trial court signed that order February 13, 1995. Weik filed a motion to reinstate on March 9, 1995. On April 26, 1995, the trial court denied Weik's motion for reinstatement. Weik filed his cost bond on May 26, 1995. Appellees move to dismiss this appeal for want of jurisdiction. We dismiss.

### Timeliness of Appeal

An appeal from an order dismissing a cause for want of prosecution is taken from the order of dismissal, not from the court's ruling on the motion to reinstate. *Estate of Bolton v. Coats*, 608 S.W.2d 722, 725 (Tex. Civ.App.—Tyler 1980, writ ref'd n.r.e.). A motion to reinstate is analogous to a motion for new trial. *Hosey v. County of Victoria*, 832 S.W.2d 701, 703 (Tex.App.—Corpus Christi 1992, no writ). Thus, the time for perfecting Weik's appeal ran from the signing of the order of dismissal. *Id.* at 704.

The former Texas Rules of Appellate Procedure provided that in order to perfect an appeal, an appellant had to file a bond or adequate substitute within 30 days after the judgment was signed. *See* TEX.R.APP. P. 41(a)(1) 793–794 S.W.2d (Tex.Cases) XXXV (Tex.1990).[1] In cases when a timely motion for new trial is filed, the appellate timetable was extended, and an appeal could be perfected if the bond or an adequate substitute was filed within 90 days after the judgment was signed. *Id.* Because Weik filed a motion to reinstate, the equivalent to a motion for new trial, he had to perfect his appeal no later than May 15, 1995. On its face, Weik's appeal bond was untimely filed.

However, Rule 41 also provided that an appellate court could grant an extension of time for the late filing of a bond or its equivalent if (1) the perfecting instrument was filed no more than 15 days after the date the notice of appeal was due and (2) a motion was filed in the appellate court reasonably explaining the need for such extension. TEX. R.APP. P. 41(a)(2) 707–708 S.W.2d (Tex. Cases) LIII (Tex.1986). Although Weik filed his appeal bond within this 15 day period, he

---

1. The Texas Rules of Appellate Procedure were renumbered and substantially revised on September 1, 1997.

did not file a motion requesting an extension of time to do so, nor did he provide a reasonable explanation as to why he needed such extension.

On June 7, 1995, appellees moved to dismiss Weik's appeal for want of jurisdiction. The motion was based on Weik's failure to timely file his appeal bond and failure to request an extension of time to file the bond. Weik responded to that motion on July 12, 1995 and provided his only explanation for the late filing of his appeal bond.

Before this Court had the opportunity to rule on appellees' motion to dismiss, Weik filed a notice of bankruptcy, and the appeal was abated. After determining that the bankruptcy stay no longer applied, the abatement of the appeal was lifted on November 25, 1998. On December 16, 1998, appellees re-urged their motion to dismiss for want of jurisdiction.

■ In their current motion, appellees recognize that the Texas Supreme Court has held that "a motion for extension of time is necessarily implied when an appellant acting in good faith files a [perfecting instrument] beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2)." *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). However, appellees argue that an appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Verburgt,* 959 S.W.2d at 617; *Harlan v. Howe State Bank,* 958 S.W.2d 380, 381 (Tex.1997); *Boyd v. American Indem. Co.,* 958 S.W.2d 379, 380 (Tex.1997). In *Harlan* and *Boyd,* both decided after *Verburgt,* the supreme court held that the mere filing of the perfecting instrument gave Harlan and Boyd the benefit of the "implied motion to extend" rule, but remanded the causes to the courts of appeal for a determination as to whether the late filings were supported by a "reasonable explanation." *Boyd,* 958 S.W.2d at 380; *Harlan,* 958 S.W.2d at 381.

■ A reasonable explanation means "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 669 (Tex.1989) (interpreting former Rule 41(a)(2)).

In his response to appellees' first motion to dismiss, Weik stated that his lawyer told him that if he appealed the case while the trial court still had the authority to reinstate the case, that the trial court would reinstate the case and Weik would have a difficult time prosecuting his claim because of the trial court's displeasure with Weik. Weik's lawyer agreed to file the appeal bond after the trial court's plenary power had expired.

The trial court retained the power to reinstate Weik's case for 30 days after it overruled Weik's motion to reinstate. TEX.R. CIV. P. 165a(3). The trial court denied Weik's motion to reinstate on April 26, 1995. On May 26, 1996, the 30th day, Weik's counsel filed his appeal bond.

These actions show an intentional course of conduct on the part of appellant to delay the filing of his appeal bond. The decision to file his appeal bond after the expiration of 90 days was not the result of inadvertence, mistake, or mischance.

■ Consequently, we hold that no good cause exists to extend the filing deadline, and we overrule appellant's implied motion for extension of time to file. Because this court does not have authority to entertain an appeal that is not timely perfected, we grant appellees' motion to dismiss. *See McDonald v. Newmyer,* 775 S.W.2d 652, 653 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

We dismiss this cause for want of jurisdiction. All other pending motions are overruled as moot.