OLEN M. SMITH, SR. v. NORTH TEXAS ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-232-CV

OLEN M. SMITH, SR. APPELLANT

V.

UNIVERSITY OF NORTH TEXAS HEALTH APPELLEES

SCIENCE CENTER AT FORT WORTH, TEXAS

COLLEGE OF OSTEOPATHIC MEDICINE,

ROLAND F. CHALIFOUX, JR., D.O., ALBERT 

H. O-YURVATI, D.O., SOUTHWEST BRAIN & 

SPINE CENTER, FORT WORTH OSTEOPATHIC

HOSPITAL, INC. D/B/A OSTEOPATHIC MEDICAL

CENTER OF TEXAS, OSTEOPATHIC HEALTH

SYSTEM OF TEXAS FOUNDATION, AND HEALTH

CARE OF TEXAS, INC.

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On September 15, 2000, the trial court granted summary judgment in favor of Appellees.  On December 17, 2004, Appellant Olen M. Smith, Sr., pro se, filed a “Motion For Reinstatement Of Cause” in the trial court.  On February 15, 2005, the trial court signed an order dismissing Appellant’s motion for lack of jurisdiction;
(footnote: 2) it is from this dismissal order that Appellant seeks to appeal.

On June 28, 2005, we notified Appellant that we were concerned we may not have jurisdiction over this appeal.  
See
 
Tex. R. App. P.
 26.1.  We stated that this appeal was subject to dismissal unless Appellant filed a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 42.3(a), 44.3.

Appellant has filed a response alleging several grounds for continuing his appeal; we do not find that any of these grounds have merit.  The time for filing Appellant’s notice of appeal began on the date the trial court signed the order granting summary judgment in favor of Appellees; the appellate deadline did not begin on the date the trial court denied Appellant’s motion to reinstate the case.  
See
 
Tex. R. App. P.
 26.1;
 
Hoge v. Griffin
, No. 14-03-00062-CV, 2003 WL 359157, at *1 (Tex. App.—Houston [14th Dist.] Feb. 20, 2003, no pet.) (mem. op.)
 (holding that appeal from order dismissing for want of prosecution is taken from order of dismissal, not from court’s ruling on motion to reinstate)
; 
Weik v. Second Baptist Church
, 988 S.W.2d 437, 438 (Tex. App.—Houston [1
st Dist.] 1999, pet. denied) (same)
; 
Hosey v. County of Victoria
,
 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no pet.) (same
).

Smith’s case was disposed of in the trial court’s September 15, 2000 “Final Judgment Granting Motion for Summary Judgment,” not by a dismissal for want of prosecution.  The order granting summary judgment against Smith is not the type of order contemplated by Rule 165a’s reinstatement procedures.  
See 
Tex. R. Civ. P.
 165a (stating that reinstatement procedure is applicable to all dismissals for want of prosecution, including cases dismissed pursuant to court’s inherent power, whether or not a motion to dismiss was filed).  
Cf. Johnson v. Tackett
, No. 14-96-01497-CV, 1998 WL 723955, at *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 1998, no pet.) (not designated for publication)
 (stating that Rule 165a’s hearing requirement did not apply because trial court granted a motion for summary judgment against appellant).  Consequently, Smith’s notice of appeal was due October 15, 2000 but was filed June 23, 2005.

Thus, Appellant’s notice of appeal was untimely, and it is the opinion of the court that this appeal should be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).  Accordingly, we dismiss the appeal.

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  October 13, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court’s February 15, 2005 order denying Smith’s motion to reinstate noted that the court “lost plenary power to modify, vacate or otherwise set aside the final judgment 30 days after the signing” of the September 15, 2000 judgment granting summary judgment to Appellees.  Thus, the trial court’s plenary power had expired four years prior to the date Appellant filed his motion to reinstate.