COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-232-CV

 

 

OLEN M. SMITH, SR.                                                           APPELLANT

 

                                                   V.

 

UNIVERSITY OF NORTH TEXAS HEALTH                                  APPELLEES

SCIENCE
CENTER AT FORT WORTH, TEXAS

COLLEGE
OF OSTEOPATHIC MEDICINE,

ROLAND
F. CHALIFOUX, JR., D.O., ALBERT 

H.
O-YURVATI, D.O., SOUTHWEST BRAIN & 

SPINE
CENTER, FORT WORTH OSTEOPATHIC

HOSPITAL,
INC. D/B/A OSTEOPATHIC MEDICAL

CENTER
OF TEXAS, OSTEOPATHIC HEALTH

SYSTEM
OF TEXAS FOUNDATION, AND HEALTH

CARE
OF TEXAS, INC.

 

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On September 15, 2000, the
trial court granted summary judgment in favor of Appellees.  On December 17, 2004, Appellant Olen M.
Smith, Sr., pro se, filed a AMotion For Reinstatement Of Cause@ in the trial court.  On
February 15, 2005, the trial court signed an order dismissing Appellant=s motion for lack of jurisdiction;[2]
it is from this dismissal order that Appellant seeks to appeal.

On June 28, 2005, we notified
Appellant that we were concerned we may not have jurisdiction over this
appeal.  See Tex. R. App. P. 26.1.  We stated that this appeal was subject
to dismissal unless Appellant filed a response showing grounds for continuing
the appeal.  See Tex. R. App. P. 42.3(a), 44.3.








Appellant has filed a
response alleging several grounds for continuing his appeal; we do not find
that any of these grounds have merit. 
The time for filing Appellant=s notice of appeal began on the date the trial court signed the order
granting summary judgment in favor of Appellees; the appellate deadline did not
begin on the date the trial court denied Appellant=s motion to reinstate the case. 
See Tex. R. App. P.
26.1;
Hoge v. Griffin, No.
14-03-00062-CV, 2003 WL 359157, at *1 (Tex. App.CHouston [14th Dist.] Feb. 20, 2003, no pet.) (mem. op.) (holding that
appeal from order dismissing for want of prosecution is taken from order of
dismissal, not from court=s ruling on
motion to reinstate); Weik v. Second Baptist Church, 988 S.W.2d 437, 438
(Tex. App.CHouston [1st Dist.] 1999, pet. denied)
(same); Hosey v. County of Victoria, 832 S.W.2d 701, 703 (Tex. App.CCorpus Christi
1992, no pet.) (same).

Smith=s case was disposed of in the trial court=s September 15, 2000 AFinal Judgment Granting Motion for Summary Judgment,@ not by a dismissal for want of prosecution.  The order granting summary judgment
against Smith is not the type of order contemplated by Rule 165a=s reinstatement procedures. 
See Tex. R. Civ. P.
165a (stating that reinstatement procedure is applicable to all dismissals for
want of prosecution, including cases dismissed pursuant to court=s inherent power, whether or not a motion to dismiss was filed).  Cf. Johnson v. Tackett, No.
14-96-01497-CV, 1998 WL 723955, at *2 (Tex. App.CHouston [14th Dist.] Oct. 15, 1998, no pet.) (not designated for
publication) (stating that Rule 165a=s hearing requirement did not apply because trial court granted a
motion for summary judgment against appellant).  Consequently, Smith=s notice of appeal was due October 15, 2000 but was filed June 23,
2005.








Thus, Appellant=s notice of appeal was untimely, and it is the opinion of the court
that this appeal should be dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).  Accordingly, we dismiss the appeal.

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
October 13, 2005











[1]See Tex. R. App. P. 47.4.





[2]The
trial court=s
February 15, 2005 order denying Smith=s motion to reinstate noted
that the court Alost plenary
power to modify, vacate or otherwise set aside the final judgment 30 days after
the signing@ of
the September 15, 2000 judgment granting summary judgment to Appellees.  Thus, the trial court=s
plenary power had expired four years prior to the date Appellant filed his
motion to reinstate.