JOHN EARL NOLLEY v. GARY MEDLIN & ANITA CUTRER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-291-CV

JOHN EARL NOLLEY APPELLANT

V.

GARY MEDLIN AND ANITA CUTRER APPELLEES

------------

FROM THE 67TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On February 11, 2005, the trial court dismissed Appellant’s case for want of prosecution.  Accordingly, any motion to reinstate had to be filed by March 14, 2005.  
See 
Tex. R. Civ. P.
 165a(3).  On March 21, 2005, Appellant filed a motion to reinstate; the motion has a handwritten attestation by Appellant that it was drafted on March 16, 2005.  On June 20, 2005, the trial court signed an order denying Appellant’s motion to reinstate the case.  On August 2, 2005, Appellant filed his notice of appeal.

On August 9, 2005, we notified Appellant that we were concerned we may not have jurisdiction over this appeal because his notice of appeal was due  March 14, 2005 but was not filed until August 2, 2005.  
See
 
Tex. R. App. P.
  26.1.  We further stated that this case was subject to dismissal unless Appellant filed a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 42.3(a), 44.3. 

Appellant has filed a response but it does not show grounds for continuing his appeal.  Appellant contends that because he is also complaining of the trial court’s June 20, 2005 order denying his motion to reinstate,
(footnote: 2) his notice of appeal was timely filed on August 2, 2005.  We disagree.  The time for filing Appellant’s notice of appeal began on the date the trial court signed the order dismissing the case for want of prosecution.  
See
 
Tex. R. App. P.
 26.1(a)(3);
 
Maida v. Fire Ins. Exchange
, 990 S.W.2d 836, 838 n.1 (Tex. App.—Fort Worth 1999, no pet.) (noting that for purposes of an appeal, the order dismissing the case for want of prosecution is the final judgment)
; 
Weik v. Second Baptist Church
, 988 S.W.2d 437, 438 (Tex. App.—Houston [1
st Dist.] 1999, pet. denied) (holding that deadline for perfecting appeal from order dismissing cause for want of prosecution runs from date of dismissal order, not from date of trial court’s ruling on motion to reinstate)
; 
Hosey v. County of Victoria
,
 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no pet.) (same
). 

A timely-filed motion to reinstate would have extended the deadline for filing a notice of appeal until May 12, 2005, which was 90 days from the date of the order dismissing the case.  However, Appellant did not timely file a motion to reinstate so the appellate deadline for filing Appellant’s notice of appeal was not extended.  
See
 
Tex. R. Civ. P.
 165a(3) (stating motion to reinstate must be filed within 30 days after order of dismissal); 
Tex. R. App. P.
 26.1(a) (providing that notice of appeal must be filed within 30 days after judgment, or 90 days after judgment if a timely motion to reinstate is filed). Thus, Appellant’s notice of appeal was untimely.  Therefore, it is the opinion of the court that this appeal should be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).  Accordingly, we dismiss the appeal.

PER CURIAM

PANEL B:  HOLMAN, WALKER, and McCOY, JJ.

DELIVERED:  October 13, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: We note that because the motion to reinstate was not timely filed, the trial court lost plenary power on March 14, 2005, which was 30 days after the dismissal order was signed.  
See
 
Tex. R. Civ. P.
 329b(d).  Accordingly, any ruling on the merits of the motion to reinstate after that time is void.  
See Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta
, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (holding that no written order of reinstatement having been signed during court’s plenary period, the judgment of dismissal became final, terminating the trial court's plenary power over its judgment); 
Walker v. Harrison
, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) (“This court has repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void.”).
  See also
 
In re Dickason
, 987 S.W.2d 570, 570-71 (Tex. 1998) (orig. proceeding) (holding trial court order signed after expiration of plenary period is void).