# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00010-CV

**Walter Lee Hall, Jr., in all other necessary capacity, Appellant**

**v.**

**U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Pass-Through Certificates, Series NC 2005-HE4, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-07-010248, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On November 12, 2008, the trial court signed an order dismissing the lawsuit filed by appellant Walter Lee Hall, Jr. The notice of appeal was therefore due on December 12, 2008. *See* Tex. R. App. P. 26.1. Hall did not mail his notice of appeal, however, until December 29, 2008, the Monday following fifteen days from December 12. *See id.* R. 4.1(a), 26.3. In his notice of appeal, Hall did not explain why he was late in filing and instead asserted that he had forty-five days to perfect his appeal.

Hall is incorrect that, "properly accounting for an implied motion to extend," he had forty-five days to file his notice of appeal. Instead, as the rules clearly state, absent post-judgment motions that extend the time to perfect an appeal, a "notice of appeal *must* be filed within 30 days after the judgment is signed," and this Court "*may* extend the time to file the notice of appeal *if*, within 15 days after the deadline," the party provides "a motion complying with Rule 10.5(b)."

*Id.* R. 26.1, 26.3 (emphasis added). Rule 10.5 requires a party seeking additional time to file a document to state "the facts relied on to reasonably explain the need for an extension." *Id.* R. 10.5(b)(1)(C). Hall is correct that the supreme court has held that a motion for extension of time to perfect an appeal is implied when an appellant files a notice of appeal outside the thirty days provided by rule 26.1 but within fifteen days of that deadline. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). The supreme court has instructed us to liberally construe the rules in favor of preserving the right to appeal of a party who makes a bona fide[1] attempt to invoke our jurisdiction, *id.* at 616, and to give an appellant the opportunity to cure error when possible in favor of reaching the merits of an appeal, *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (quoting *Grand Prairie Indep. Sch. Dist. v. South Parts Imp., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991)). However, a party who inadvertently misses the deadline for perfecting his appeal must still provide "a reasonable explanation for his failure to timely file." *Verburgt*, 959 S.W.2d at 617.

Upon review of the clerk's record, the Clerk of this Court sent Hall a letter explaining that his notice of appeal was untimely filed but still within the fifteen-day window provided by rule 26.3. Our notice informed Hall that although he had not filed a motion for extension of time, we "may consider one yet filed," and stated, "Unless any party submits a motion to my office by May 18, 2009, in compliance with Tex. R. App. P. 10.5(b), the Court will dismiss the appeal." Hall filed a response in which he "decline[d] to regurgitate or otherwise repeat the facts, arguments, and

---

[1] A bona fide attempt is one "[m]ade in good faith," "without fraud or deceit," "[s]incere, genuine." Black's Law Dictionary 168 (7th ed. 1999). Hall's conduct in this and his other cases, both in this Court and in the lower courts, suggest gamesmanship instead of acts made in good faith.

2

authorities in support of this Court's jurisdiction, particularly in light of <u>Implied Motion to Extend</u>. . . . The material question at hand is whether this Court grants or has already granted <u>Implied Motion to Extend</u>—not whether such a motion is or should be implied."

Hall did not provide this Court with a reasonable explanation for why he needed additional time to file his notice of appeal, nor can we glean any such explanation from the notice of appeal itself. Hall has not stated that he inadvertently missed a deadline or miscalculated when his thirty days ran; instead he acknowledges the thirty-day deadline imposed by rule 26.1, admits that he waited until the very last day of the possible and discretionary fifteen-day extension period to file his notice of appeal, and has "declined" to provide the required motion for extension of time, all of which are intentional and deliberate decisions to disregard the rules of appellate procedure. *See Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989) (interpreting former Rule 41(a)(2) and holding that reasonable explanation is defined as plausible explanation showing that failure to timely file was not deliberate or intentional); *Heritage Life Ins. Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229 (Tex. App.—Dallas 1988, writ denied) ("Anything short of deliberate or intentional noncompliance falls within the area of inadvertence, mistake, or mischance."). Even though we pointed out Hall's error to him and required a motion satisfying rule 10.5, with dismissal the penalty for noncompliance, Hall failed to provide an explanation for his need for additional time and chose instead to rely solely on his "implied motion to extend."

Because Hall has not provided a reasonable explanation for why he was late in filing his notice of appeal, we hold that no good cause exists to extend Hall's filing deadline and overrule his implied motion for extension of time to perfect his appeal. *See Weik v. Second Baptist Church*,

3

988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ("These actions show an intentional course of conduct on the part of appellant to delay the filing of his appeal bond. The decision to file his appeal bond after the expiration of 90 days was not the result of inadvertence, mistake, or mischance."); *see also Lackey v. McCool*, No., 07-03-0464-CV, 2004 Tex. App. LEXIS 43, at *2-3 (Tex. App.—Amarillo Jan. 6, 2004, no pet.) ("It is not enough to simply file a notice of appeal"; party "must still reasonably explain the need for an extension.").

Because we overrule Hall's implied motion to extend, the appeal was not timely filed, and we lack the authority to consider his untimely filed appeal.[2] We therefore dismiss the cause for want of jurisdiction and overrule all pending motions as moot. *See* Tex. R. App. P. 42.3.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: June 5, 2009

---

[2] We also have the authority to dismiss Hall's appeal under rule 42.3(c) for his failure to comply with the Clerk's notice that "requir[ed] a response or other action within a specified time." Tex. R. App. P. 42.3(c).