02-11-058-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00058-CV

 

 


 
 
 A.J. Morris
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Frost National Bank and 
 De Lage Landen Financial Services, Inc.
 
 
  
 
 
 APPELLEES
 
 


 

----------

FROM THE 67th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Pro
se Appellant A.J. Morris attempts to appeal from the trial court’s agreed
judgment signed November 9, 2010.  He timely filed a “Motion for
Reconsideration, Rehearing, Modification, and/or New Trial” on December 7,
2010.[2]  His notice of appeal was
therefore due February 7, 2011, but was not filed until February 14, 2011.[3]

Because
we were concerned that we may have no jurisdiction over this case based on
Appellant’s untimely notice of appeal, we notified Appellant in writing of our
concern and requested that he provide us within ten days a reasonable
explanation for the late filing of the notice of appeal.  Appellant’s response
states, “I was unable to timely file this [the notice of appeal] because I had
no actual notice of the date of the signing of the Agreed Judgment from either
the Court or either of the attorneys involved in this Agreed Judgment.”

When
a party files a notice of appeal late but within fifteen days of the filing deadline,
we imply a motion for extension of time.[4] But the party must
“reasonably explain” its need for an extension.[5]  The Texas Supreme Court
has stated that a reasonable explanation is “any plausible statement of
circumstance indicating that [a timely] failure to file . . . was not
deliberate or intentional, but was the result of inadvertence, mistake, or
mischance.”[6]  The court has also
clarified that “under the liberal standard of review applied in these cases,
any conduct short of deliberate or intentional noncompliance qualifies as
inadvertence, mistake or mischance . . . .”[7]  But Texas appellate courts
have treated as unreasonable those explanations that indicate an appellant’s
conscious or strategic decision to delay filing a notice of appeal because such
explanations did not demonstrate inadvertence, mistake, or mischance.[8]

Given
that Appellant attached a copy of the agreed judgment to his motion for new
trial filed December 7, 2010, we conclude that his explanation that he filed
his notice of appeal after the February 7, 2011 deadline because he had “no actual
notice of the date of the signing of the Agreed Judgment from either the Court
or either of the attorneys involved in this Agreed Judgment” is not plausible
and therefore not reasonable.[9]

Accordingly,
because Appellant’s notice of appeal was not timely filed and his explanation
for requiring an extension does not satisfy rule of appellate procedure 10.5,
we dismiss this appeal for want of jurisdiction.[10]

 

PER
CURIAM

PANEL:  DAUPHINOT,
GARDNER, and WALKER, JJ.

DELIVERED:  April 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P.
329b(a).





[3]See Tex. R. App. P.
26.1(a).





[4]See Verburgt v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997); see also Tex. R. App. P. 10.5(b)(2).





[5]Verburgt, 959
S.W.2d at 617; see also Tex. R. App. P. 10.5(b)(2)(A).





[6]Hone v. Hanafin,
104 S.W.3d 884, 886 (Tex. 2003).





[7]Id. at 886–87
(internal quotations omitted).





[8]Stephens v. Stephens,
No. 02-10-00197-CV, 2010 WL 3433108, at *2 (Tex. App.—Fort Worth Aug. 31, 2010,
no pet.) (citing Hykonnen v. Baker Hughes Bus. Support Servs., 93 S.W.3d
562, 563–64 (Tex. App.—Houston [14th Dist.] 2002, no pet.); Rodman v. State,
47 S.W.3d 545, 548–49 (Tex. App.—Amarillo 2000, no pet.) (op. on reh’g); Weik
v. Second Baptist Church of Houston, 988 S.W.2d 437, 439 (Tex. App.—Houston
[1st Dist.] 1999, pet. denied)).





[9]See id.





[10]See Tex. R. App.
P. 42.3(a), 43.2(f).