

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00058-CV

A.J. MORRIS                                                                 APPELLANT

V.

FROST NATIONAL BANK AND                                         APPELLEES
DE LAGE LANDEN FINANCIAL
SERVICES, INC.

----------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pro se Appellant A.J. Morris attempts to appeal from the trial court's agreed judgment signed November 9, 2010. He timely filed a "Motion for Reconsideration, Rehearing, Modification, and/or New Trial" on December 7, 2010.[2] His notice of appeal was therefore due February 7, 2011, but was not filed until February 14, 2011.[3]

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. R. Civ. P. 329b(a).

[3]See Tex. R. App. P. 26.1(a).

Because we were concerned that we may have no jurisdiction over this case based on Appellant's untimely notice of appeal, we notified Appellant in writing of our concern and requested that he provide us within ten days a reasonable explanation for the late filing of the notice of appeal. Appellant's response states, "I was unable to timely file this [the notice of appeal] because I had no actual notice of the date of the signing of the Agreed Judgment from either the Court or either of the attorneys involved in this Agreed Judgment."

When a party files a notice of appeal late but within fifteen days of the filing deadline, we imply a motion for extension of time.[4] But the party must "reasonably explain" its need for an extension.[5] The Texas Supreme Court has stated that a reasonable explanation is "any plausible statement of circumstance indicating that [a timely] failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance."[6] The court has also clarified that "under the liberal standard of review applied in these cases, any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance . . . ."[7] But Texas appellate courts have treated as unreasonable those explanations that indicate an appellant's

---

[4]*See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997); *see also* Tex. R. App. P. 10.5(b)(2).

[5]*Verburgt,* 959 S.W.2d at 617; *see also* Tex. R. App. P. 10.5(b)(2)(A).

[6]*Hone v. Hanafin,* 104 S.W.3d 884, 886 (Tex. 2003).

[7]*Id.* at 886–87 (internal quotations omitted).

conscious or strategic decision to delay filing a notice of appeal because such explanations did not demonstrate inadvertence, mistake, or mischance.[8]

Given that Appellant attached a copy of the agreed judgment to his motion for new trial filed December 7, 2010, we conclude that his explanation that he filed his notice of appeal after the February 7, 2011 deadline because he had "no actual notice of the date of the signing of the Agreed Judgment from either the Court or either of the attorneys involved in this Agreed Judgment" is not plausible and therefore not reasonable.[9]

Accordingly, because Appellant's notice of appeal was not timely filed and his explanation for requiring an extension does not satisfy rule of appellate procedure 10.5, we dismiss this appeal for want of jurisdiction.[10]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  April 21, 2011

---

[8]*Stephens v. Stephens*, No. 02-10-00197-CV, 2010 WL 3433108, at *2 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (citing *Hykonnen v. Baker Hughes Bus. Support Servs.,* 93 S.W.3d 562, 563–64 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Rodman v. State,* 47 S.W.3d 545, 548–49 (Tex. App.—Amarillo 2000, no pet.) (op. on reh'g); *Weik v. Second Baptist Church of Houston,* 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)).

[9]*See id.*

[10]*See* Tex. R. App. P. 42.3(a), 43.2(f).

3