

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00134-CV

Fred **BEEBE**,
Appellant

v.

**CITY OF SAN ANTONIO** Through its Agent City Public Service Board of San Antonio
d/b/a CPS Energy,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-08789
Honorable Martha Tanner, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  June 5, 2013

DISMISSED FOR LACK OF JURISDICTION

Before us is Appellant's motion for extension of time to file his notice of appeal from the

trial court's November 15, 2012 order granting Appellee's motion for summary judgment.

Appellee has filed a response objecting to the late notice of appeal and a motion to dismiss

Appellant's appeal for lack of jurisdiction.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *See* TEX. R. APP. P. 25.1(b); *see generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). If the notice is untimely, then we can take no action other than to dismiss the appeal. *See* TEX. R. APP. P. 2; *Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—Houston [14th Dist.] 2006, no pet.). However, the deadline for filing a notice of appeal may be extended if, within fifteen days after the filing deadline, the party files the notice of appeal and a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 26.3. Rule 10.5 includes the requirement that Appellant "reasonably explain" his need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A). An explanation is "reasonable" if it "indicate[s] that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). An explanation that shows a conscious or strategic decision to wait to file the notice of appeal is not reasonable. *See*, *e.g.*, *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563–64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (waiting until representation secured); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (waiting until trial court's plenary power expired in event trial court reinstated case). We apply a liberal standard of review wherein "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) (quoting *Garcia*, 774 S.W.2d at 670).

Here, Appellant's notice of appeal was not filed within the deadline provided by Rule 26.1(a). *See* TEX. R. APP. P. 26.1(a). However, Appellant filed a motion for extension of time within the fifteen-day grace period provided by Rule 26.3. *See* TEX. R. APP. P. 26.3. According to Appellant's motion, Appellant was attempting to schedule a hearing on his motion to modify.

We cannot agree that this explanation is reasonable. *See Weik*, 988 S.W.2d at 439; *Stephens v. Stephens*, No. 2-10-197-CV, 2010 WL 3433108, at \*2 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem. op.). It suggests that Appellant was aware of the deadline for filing the notice of appeal yet chose to intentionally ignore it in favor of scheduling a hearing and obtaining a ruling on his motion to modify. *See Green v. Cypress Fairbanks Med. Ctr. Hosp.*, No. 04-01-00434-CV, 2001 WL 1665106, at \*1 (Tex. App.—San Antonio Dec. 31, 2001, no pet.) (mem. op.). Further, Appellant does not indicate in his motion that he was unaware of the deadline for filing a notice of appeal or that his failure to timely file a notice of appeal resulted from inadvertence, mistake, or mischance. *See id.*; *JJW Dev., LLC v. Strand Sys. Eng'g, Inc.*, No. 05-10-01359-CV, 2010 WL 4705824, at \*1 (Tex. App.—Dallas Nov. 22, 2010, no pet.) (mem. op.). Accordingly, we deny the motion for extension of time to file the notice of appeal and dismiss the appeal for want of jurisdiction.

PER CURIAM