**Opinion filed December 30, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00277-CV
_____

## FRANCISCO JAVIER MARTINEZ, Appellant

## V.

## SILVERLINE SERVICES, LLC, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV54786**

## M E M O R A N D U M   O P I N I O N

Appellant, Francisco Javier Martinez, filed a notice of appeal in which he stated that he wished to appeal from the trial court's October 29, 2021 "judgment." On October 29, the trial court entered an order denying Appellant's motion to reinstate the case on the trial court's docket. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the October 29 order did not appear to be an appealable order and that the notice of appeal appeared to have been untimely filed. We requested that Appellant respond, on or before December 16,

and show grounds to continue the appeal. We also informed Appellant that this appeal may be dismissed for want of jurisdiction. Appellant has not filed a response to this court's letter.

The documents filed in this court reflect that on July 15, 2021, the trial court determined that the case should be dismissed for want of prosecution. On that date, the trial court signed an order of dismissal. On August 16, 2021, Appellant timely filed a motion to reinstate the case or, alternatively, grant a new trial, which the trial court denied on October 29, 2021. *See* TEX. R. APP. P. 4.1(a); TEX. R. CIV. P. 329b(a).

An appeal from an order dismissing a cause for want of prosecution is taken from the order of dismissal, not from the trial court's ruling on the motion to reinstate or the motion for new trial. *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 438 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Thus, the time for Appellant to perfect an appeal ran from July 15, the date that the trial court signed the order of dismissal, which was the final judgment in this case. Appellant's notice of appeal was therefore due to be filed on October 13, 2021—ninety days after the July 15 order was signed. *See* TEX. R. APP. P. 4.1(a), 26.1(a). Appellant's notice of appeal was not filed until December 1, 2021. The notice of appeal was therefore filed outside the fifteen-day extension period that is authorized by the rules. *See* TEX. R. APP. P. 26.3.

Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an

appeal in a civil case."  TEX. R. APP. P. 2.  Because we are without jurisdiction, we must dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

December 30, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.