**DISMISS and Opinion Filed April 6, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-01149-CV**
_____

**A TO Z WHOLESALE WINE & SPIRITS, LLC, AMAR ALI, AND NUR ALI, Appellants**

**V.**

**SPECTRA BANK F/K/A RIVERBEND BANK, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-02050**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Justice Goldstein

Before the Court is appellants' motion for extension of time to file their notice of appeal from the trial court's September 8, 2021 final summary judgment. *See* TEX. R. APP. P. 26.3. Because appellants timely filed a motion for new trial, their notice of appeal was due December 7, 2021, within ninety days of judgment, or, with an extension motion, December 22, 2021, fifteen days later. *See id.* 26.1(a), 26.3. The notice of appeal was filed December 22.

Appellants explain in their extension motion that, rather than filing the notice of appeal by December 7 in accordance with the rules of appellate procedure, they relied on Texas Rule of Civil Procedure 329b(e) and filed it after their motion for new trial was overruled by operation of law in order "to allow for complete disposition of all motions and dispositive issues below."[1] *See* TEX. R. CIV. P. 329b(e) (providing that trial court's plenary power expires thirty days after a motion for new trial is overruled by operation of law). Appellee opposes the motion, asserting that appellants' explanation fails to satisfy the "reasonableness" standard of rule 26.3. We agree with appellee.

It is well-settled that the timely filing of a notice of appeal is jurisdictional. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g). An appellate court may extend the time for filing the notice of appeal under rule 26.3 if the party filing the appeal offers a reasonable explanation for the delay in filing. *See* TEX. R. APP. P. 10.5(b), 26.3(b). The Texas Supreme Court has defined a "reasonable explanation" as "any plausible statement of circumstances indicating that failure to file [within the specified period] was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)

---

[1] The notice of appeal was filed thirty days after the new trial motion was overruled by operation of law. *See* TEX. CIV. P. 329b(c) (providing that, if a motion for new trial is not determined by written order signed within seventy-five days of judgment, it is overruled by operation of law).

(citation omitted). An explanation that demonstrates a conscious or strategic decision to wait is not reasonable. *See*, *e.g.*, *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563-64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (waiting until representation secured not reasonable); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (waiting until trial court's plenary power expired in event trial court reinstated case not reasonable).

As appellee notes in its response, we have repeatedly held that delay caused by waiting for the trial court to rule on a post-judgment motion or for the trial court's plenary power to expire is unreasonable as it reflects an awareness of the deadline for filing a notice of appeal but a conscious decision to ignore it. *See*, *e.g.*, *Daoudi v. Klalib*, No. 05-21-00145-CV, 2021 WL 1660644, at *1 (Tex. App.—Dallas Apr. 28, 2021, no pet.) (mem. op.); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1-2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (mem. op) (per curiam). In a reply, appellants assert that appellee "ignores" their reliance on rule 329b(e). They maintain the notice of appeal "was inadvertently and mistakenly delayed by the time frame for overruling the motion for new trial by operation of law." Yet, they also assert in that same reply that "had grant of a new trial been made while plenary power was in effect, the notice of filing this appeal would fall to injustice." Appellants' own argument demonstrates a conscious disregard of the deadline in favor of waiting for a ruling on their new trial motion.

Accordingly, we deny the extension motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Weik*, 988 S.W.2d 439.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE


211149F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

A TO Z WHOLESALE WINE & SPIRITS, LLC, AMAR ALI, AND NUR ALI, Appellants

No. 05-21-01149-CV    V.

SPECTRA BANK F/K/A RIVERBEND BANK, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-02050. Opinion delivered by Justice Goldstein, Chief Justice Burns and Justice Molberg participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Spectra Bank f/k/a Riverbend Bank recover its costs, if any, of this appeal from appellants A to Z Wholesale Wine & Spirits, LLC, Amar Ali, and Nur Ali.

Judgment entered April 6, 2022.