**Dismiss and Opinion Filed April 6, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01113-CV**

**NUR ALI, Appellant**

**V.**

**SPECTRA BANK, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-02759**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Justice Molberg

We questioned our jurisdiction over this appeal from the trial court's

September 2, 2021 summary judgment as it appeared to have been untimely filed.

*See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex.

App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is

jurisdictional). As reflected in the clerk's record, appellant timely filed a motion for

new trial, making the notice of appeal due no later than December 1, 2021 or, with

an extension motion, no later than December 16, 2021. *See* TEX. R. APP. P. 26.1(a),

26.3. The notice of appeal was filed December 16 but without an extension motion.

At our direction, appellant filed an extension motion. He explains that, although he would have timely filed his notice of appeal on December 1, in accordance with rule 26.1 of the rules of appellate procedure, he relied instead on Texas Rule of Civil Procedure 329b(e), which provides that a trial court's plenary power expires thirty days after a motion for new trial is overruled by operation of law. *See* TEX. R. CIV. P. 329b(e). Appellant states he filed the notice of appeal after his motion for new trial was overruled by operation of law,[1] reasoning that waiting until "disposition of the entire case below" justified the delay. In a response, appellee asserts the motion should be denied because appellant's explanation "fails to show 'a lack of deliberate or intentional failure' to comply with the deadline." We agree with appellee.

An appellate court may extend the time for filing the notice of appeal under rule 26.3 if the party filing the appeal offers a reasonable explanation for the delay in filing. *See* TEX. R. APP. P. 10.5(b), 26.3(b). The Texas Supreme Court has defined a "reasonable explanation" as "any plausible statement of circumstances indicating that failure to file [within the specified period] was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989) (citation omitted). An

---

[1] The notice of appeal was filed thirty days after the new trial motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) (providing that, if a motion for new trial is not determined by written order signed within seventy-five days of judgment, it is overruled by operation of law).

explanation that demonstrates a conscious or strategic decision to wait is not reasonable. *See*, *e.g.*, *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563-64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (waiting until representation secured not reasonable); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (waiting until trial court's plenary power expired in event trial court reinstated case not reasonable).

As appellee notes in its response, we have repeatedly held that delay caused by waiting for the trial court to rule on a post-judgment motion or for the trial court's plenary power to expire is unreasonable as it reflects an awareness of the deadline for filing a notice of appeal but a conscious decision to ignore it. *See*, *e.g.*, *Daoudi v. Klalib,* No. 05-21-00145-CV, 2021 WL 1660644, at *1 (Tex. App.—Dallas Apr. 28, 2021, no pet.) (mem. op.); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1-2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (mem. op) (per curiam). In a reply, appellant asserts that appellee "ignores" appellant's reliance on rule 329b(e). He maintains the notice of appeal "was inadvertently delayed by the time frame for overruling the motion for new trial by operation of law." Yet, he also asserts in that same reply that "had grant of a new trial been made while plenary power was in effect, the notice of filing this appeal would fall to injustice." Appellant's own argument demonstrates a conscious disregard of the deadline in favor of waiting for a ruling on his new trial motion.

Accordingly, we deny the extension motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Weik*, 988 S.W.2d 439.


         /Ken Molberg/
         KEN MOLBERG
211113f.p05         JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NUR ALI, Appellant

No. 05-21-01113-CV     V.

SPECTRA BANK, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-02759. Opinion delivered by Justice Molberg, Chief Justice Burns and Justice Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Spectra Bank recover its costs, if any, of this appeal from appellant Nur Ali.

Judgment entered this 6th day of April, 2022.