**Opinion issued March 23, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00005-CV

————————————

**HARVEY GUIDRY, Appellant**

**V.**

**TEXAS FAIR PLAN ASSOCIATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1136776**

---

## MEMORANDUM OPINION

On December 21, 2022, Appellant Harvey Guidry filed a notice of appeal of the trial court's final judgment signed on August 30, 2022. We dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is "necessarily implied" when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension implied when appellant acting in good faith files notice of appeal in appellate court within fifteen days after deadline to perfect appeal); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (noting that "reasonable explanation" for late filing is required for entitlement to fifteen-day extension to perfect appeal).

The trial court signed the final judgment in this case on August 30, 2022. The notice of appeal indicates Appellant filed a motion for new trial on September

27, 2022, extending Appellant's time to file a notice of appeal to ninety days after the judgment was signed. Appellant's notice of appeal was thus due by November 28, 2022, or by December 13, 2022 with a fifteen-day extension. *See* TEX. R. APP. P. 4.1, 26.1(a), 26.3; *Verburgt*, 959 S.W.2d at 617. Appellant filed his notice of appeal on December 21, 2022. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b); *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005).

On February 16, 2023, the Clerk of this Court notified Appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a written response by February 26, 2023 showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). Appellant failed to respond.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.