**DISMISS and Opinion Filed April 17, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-23-00618-CV

---

**MICHAEL WHITE, Appellant**
**V.**
**KAY VARGAS, Appellee**

---

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-15134**

---

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

The trial court dismissed the underlying case for want of prosecution on January 27, 2023 and appellant filed a timely motion to reinstate. On April 25, 2023, the trial court denied appellant's motion to reinstate. Appellant filed a notice of appeal on June 21, 2023 stating he was appealing the April 25th order. Because the dismissal order triggered the time to file the notice of appeal and appellant did not file a notice of appeal within ninety days of the signing of that order, we questioned our jurisdiction over the appeal and directed the parties to file letter briefs. *See Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 438 (Tex.

App.—Houston [1st Dist.] 1999, pet. denied) (when party files motion to reinstate following dismissal of case for want of prosecution, dismissal order and not order denying motion to reinstate is appealable order); *see* TEX. R. APP. P. 26.1(a), 26.3 (when party files timely motion to reinstate, notice of appeal due ninety days after judgment signed or, with an extension motion, fifteen days after the deadline). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.— Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal jurisdictional).

In his jurisdictional brief, appellant asserts that the order denying his motion to reinstate is appealable. Appellant misconstrues our jurisdictional concern. Our concern is not that the order cannot be reviewed, it is that the time for filing the notice of appeal runs from the order of dismissal. Although a party may complain about the denial of a motion to reinstate on appeal, the appealable order which triggers the time to appeal is the dismissal order. *See Weik*, 988 S.W.2d at 438.

Rule 26.1 of the Texas Rules of Appellate Procedure provides that the time to file a notice of appeal runs from the date the judgment is signed. TEX. R. APP. P. 26.1. Here, the trial court signed the order of dismissal on January 27, 2023. Because appellant filed a timely motion to reinstate extending the appellate timetable, the notice of appeal was due on April 27, 2023 or, with an extension motion, May 12, 2023. *See id*. 26.1(a), 26.3. Appellant filed a notice of appeal on

June 21, 2023, forty days past the last possible deadline. Because the notice of appeal was untimely filed, we lack jurisdiction and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
_____
ROBERT D. BURNS, III
CHIEF JUSTICE

230618F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL WHITE, Appellant

No. 05-23-00618-CV     V.

KAY VARGAS, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-15134.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee KAY VARGAS recover her costs of this appeal from appellant MICHAEL WHITE.

Judgment entered April 17, 2024