Woon HUR and Myeng Hee Hur, individually, and as Natural Parents of Woo Young Hur, Appellants,

v.

CITY OF MESQUITE and Ted Barron, Appellees.

No. 07–94–0097–CV.

Court of Appeals of Texas, Amarillo.

April 24, 1995.

---

David G. Hart, Bedford, for appellants.

Ayers & Ayers (Deanne C. Ayers), Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

## ON MOTION FOR REHEARING

DODSON, Justice.

The Hurs contend, in their motion for rehearing, that this Court erred in its original disposition of points of error one and five. We overrule the motion.

In their fifth point of error, the Hurs contended the trial court erred in admitting testimony of Goodman's prior arrests and convictions for DWI and possession of marijuana. Goodman was not a party to the suit but drove the vehicle that struck Woo Young Hur. The City pleaded that Goodman's conduct was a contributing cause of the Hurs' damages. The Hurs' expert witness testified that in his opinion Goodman shared some negligence for the accident, but that he could not determine the extent of his negligence without knowing Goodman's driving characteristics. In response to these statements, the City elicited testimony from the expert and offered into evidence four documents evidencing that Goodman had four prior DWI convictions. The Hurs objected to the testimony and the documents on grounds that they constituted impermissible character

evidence. The trial court overruled the objection but later in the trial ruled that the documents were inadmissible. The documents were struck from the record. Upon the Hurs' request, the trial court instructed the jury not to consider the documents or any comment concerning the prior DWI convictions.

In our determination of point of error five, we concluded that the instruction given by the trial court to the jury cured any error arising out of the admission of the inadmissible evidence. Because the Hurs failed to pursue an adverse ruling by moving for a mistrial and received all the relief they requested, we determined that nothing was preserved for appellate review.

On rehearing, the Hurs contend that *Condra Funeral Home v. Rollin,* 158 Tex. 478, 314 S.W.2d 277 (1958) mandates a different resolution of point five. The Supreme Court in *Condra* concluded that a motion for mistrial is not a prerequisite for complaint of error on appeal concerning improper questions propounded to a witness and improper statements made by counsel to the court in the presence of the jury. The Court stated that "[i]t should be enough to preserve the question for counsel to object to improper conduct and for the court to give an instruction to the jury, in language as strong as the nature of the misconduct requires." *Id.* 314 S.W.2d at 280. In that vein, it was determined that the proper question was whether the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Tex.R.App.P. 81(b)(1); *Condra Funeral Home v. Rollin,* 314 S.W.2d at 280. In order to make such a determination, an appellate court must conclude from a review of the whole record that, but for the misconduct, the jury would probably have answered the issues in favor of the appellant. *Condra Funeral Home v. Rollin,* 314 S.W.2d at 281. It is not enough to say that the jury might possibly have answered the issues differently. *Id.*

Assuming that *Condra* controls in this instance, a review of the entire record

submitted on appeal shows that the complained-of evidence did not cause or probably cause the rendition of an improper judgment. Indeed, the record shows that the trial court properly instructed the jury to disregard the challenged evidence, and there is no evidence to indicate that the jury refused to follow this instruction. Nor have the Hurs directed this Court's attention to anything in the record that shows the jury would have answered the liability issue in their favor but for the improper admission of the challenged evidence. To the contrary, the record reflects that the jury understood and followed the trial court's instructions. Question two of the court's charge asked the jury to find the percentage of negligence attributable to the parties and that the percentages found should total 100 percent. The jury found the City was 33⅓ percent negligent and Woo 66⅔ percent negligent. This demonstrates that the jury did not apportion any negligence to Goodman, thereby following the trial court's instruction to disregard evidence concerning Goodman's prior arrests and convictions. Consequently, the error, if any, was harmless.

We need not address the Hurs' contention challenging our disposition of their first point because that contention was adequately and correctly addressed in our original opinion. Accordingly, the Hurs' motion for rehearing is overruled.