Michael P. HYKONNEN, Appellant,

v.

BAKER HUGHES BUSINESS SUPPORT SERVICES, Appellee.

No. 14–02–00921–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 14, 2002.

Wolf D. Schroeter, Houston, for appellant.

Charles L. Aycock, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON, and FROST.

## MAJORITY OPINION

LESLIE BROCK YATES, Justice.

This is an attempted appeal from a judgment signed May 17, 2002. Appellant filed a timely motion for new trial on June 17, 2002. Appellant's notice of appeal was filed August 30, 2002, more than ninety

days after the judgment was signed. *See* TEX.R.APP. P. 26.1(a). Appellant filed a motion to extend time to file the notice of appeal contemporaneously with the notice of appeal.

When the appellant has filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law, the notice of appeal must be filed within ninety days after the date the judgment is signed. *See* TEX.R.APP. P. 26.1(a). Appellant's notice of appeal was not filed timely; however, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–19 (Tex.1997) (construing predecessor to rule 26). Even if the notice of appeal is filed within the fifteen-day grace period, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX.R.APP. P. 26.3, 10.5(b)(1)(C); *Verburgt*, 959 S.W.2d at 617-18. Appellant's notice of appeal was filed within the fifteen-day period provided by rule 26.3, and appellant filed a timely motion to extend time to file the notice of appeal. These two things alone, however, are not sufficient to entitle appellant to an extension. Pursuant to rules 26.3 and 10.5(b), appellant must also reasonably explain the need for the extension. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.1998) (holding that under *Verburgt*, if appellant can reasonably explain need for extension after filing within the fifteen-day period, he should be entitled to prosecute appeal).

In his motion, appellant states that his trial attorney, who represented him at no charge in the proceedings below, was not willing to handle the appeal. Appellant claims he did not have the funds to hire another attorney and was unable to obtain alternate counsel. After further conversations, appellant's counsel agreed to represent appellant on appeal and to charge him only for out-of-pocket expenses and court costs. In essence, appellant contends the notice of appeal was untimely because he did not have funds to hire an attorney at the time the notice was due.

In response to the motion to extend time to file the notice of appeal, appellee filed a motion to dismiss the appeal. In its motion, appellee argues appellant's motion does not provide a reasonable explanation, and therefore, the appeal should be dismissed. We agree.

A reasonable explanation means any plausible statement of circumstances indicating that the failure to file within the required time period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex.1989). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance— even if that conduct can be characterized as professional negligence. *Id.* at 670.

In this case, appellant does not contend that he did not *know* the deadline for filing the notice of appeal; rather, he *deliberately* failed to file the notice until he found an attorney to represent him on appeal at little or no cost. Appellant had other options available in seeking to appeal the trial court's judgment besides a delay in filing the notice of appeal. Appellant could have filed a timely pro se notice of appeal accompanied by an affidavit of indigence. *See* TEX.R.APP. P. 20.1. Or, appellant simply could have filed a timely pro se notice of appeal and continued pursuing the appeal on his own until he could find an

attorney willing to represent him at a reduced fee. If necessary, appellant could have sought extensions of time in the appellate court for filing the record and other documents. *See* Tex.R.App. P. 35.3(c). If appellant could not find an attorney, he could have prosecuted the appeal on his own behalf.

Given these options, appellant's decision to ignore the deadline for filing the notice of appeal until he could secure representation is not a reasonable explanation for failing to file the notice of appeal as required by the rules of appellate procedure. Our holding is in accord with other decisions by the appellate courts regarding an appellant's deliberate decision to delay in filing a notice of appeal.[1] In *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex.App.-Houston [1st Dist.] 1999, pet. denied), appellant's explanation for failing to timely file the notice of appeal was based on advice from his attorney. The attorney told the appellant that if he appealed while the trial court still had authority to reinstate the case and it did reinstate the case, the appellant would have a difficult time prosecuting his claim because of the trial court's displeasure. *Id.* The attorney agreed to file the motion only after the trial court's plenary power expired. *Id.* The First Court of Appeals held this showed an intentional decision by the appellant to delay filing. *Id.* Accordingly, the court dismissed the appeal for want of jurisdiction. *Id.*

Similarly, in *Rodman v. State*, 47 S.W.3d 545, 548 (Tex.App.-Amarillo 2000, no pet.),

the court of appeals found the appellant's excuse was not reasonable when, after the State disclosed its intent to indict the appellant for other crimes *after* expiration of the time for giving notice of appeal, the appellant decided to appeal and preserve his eligibility for probation in the upcoming trials. *Id.* The court found this demonstrated the appellant's intentional, deliberate decision not to file a notice of appeal within the time frame required by the rules. *Id.*

In neither of these cases did the appellants allege they were unaware of the deadline; rather, they each made a conscious decision to pursue strategies other than timely filing the notice of appeal. The same is true in the case before us: appellant did not aver he was unaware of the deadline for filing his notice—he consciously decided to continue to seek free or low cost representation rather than file a timely notice of appeal on his own behalf. Having found appellant's explanation unreasonable under the supreme court's definition in *Garcia*, we deny appellant's motion to extend time to file the notice of appeal and grant appellee's motion to dismiss the appeal for want of jurisdiction.

Accordingly, the appeal is dismissed.

ANDERSON, J., dissenting.

JOHN S. ANDERSON, Justice, dissenting.

I respectfully dissent from the Court's decision to deny appellant's motion to ex-

---

1. We recognize our decision is in conflict with the holding by the First Court of Appeals in *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In *Smith*, the court held that the appellant's inability to obtain funds to hire appellate counsel was a reasonable explanation for failing to timely file the notice of appeal. *Id.* at 289. However, in that case,

the court seemed to focus on the appellant's diligence in seeking appellate counsel and the fact that once he did, the notice of appeal was filed a mere two days after the filing deadline. *Id.* Here, evidence of appellant's diligence in securing appellate counsel is lacking and the notice of appeal was filed fifteen days after the due date, the last possible day upon which the notice could have been filed.

tend time to file the notice of appeal and to grant appellee's motion to dismiss.

In *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997), the supreme court reiterated the principles applicable to the proper interpretation of the Texas Rules of Appellate Procedure where the viability of an appeal is in question. The court specifically stated that appellate courts should not dismiss an appeal for a procedural defect whenever *any arguable interpretation* of the rules would preserve the appeal. *Id.* (emphasis added). The court then noted that the appellate rules disfavor disposing of an appeal based upon harmless procedural defects. *Id.* Finally, appellate courts are instructed to construe the rules of appellate procedure liberally and not impose requirements triggering a loss of the right of appeal unless absolutely necessary to effect the purposes of a rule. *Id.* at 616–17; *see also Jones v. City of Houston,* 976 S.W.2d 676 (Tex.1998).

As noted by the majority, a "reasonable explanation" for needing an extension of time in which to perfect an appeal is any plausible statement of circumstances indicating the failure to timely file was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 670. *Garcia* emphasized that the proper focus in determining whether an explanation is reasonable is whether a deliberate or intentional failure to comply with the appellate rules has occurred, and that *any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation. Id.; see also Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977) (emphasis added).

In his motion to extend time to file the notice of appeal, appellant explains he was without funds to hire an attorney to represent him on appeal. He specifically states he was unable to obtain another attorney until, after further conversation (and perhaps entreaties), his trial counsel agreed to represent him on appeal free of charge except for out-of-pocket expenses and court costs. This explanation shows, at best, appellant was negligent in failing to take advantage of the courses of conduct suggested by the majority—assuming, as a layman, appellant was aware of these options. This does not evidence a deliberate or intentional disregard of the rules for perfecting appeals as required by *Garcia.*

The supreme court has held that negligence of counsel is a "reasonable explanation" for failure to timely file a notice of appeal. *Garcia,* 774 S.W.2d at 670. I fail to see how the explanation that counsel was negligent is any more reasonable, as that phrase is defined in *Garcia,* than an appellant's claim that he was unable to hire appellate counsel within the relevant time period because he lacked the necessary funds. Appellant's success in ultimately convincing trial counsel to continue his representation establishes appellant's desire and diligence in pursuing his appeal, and demonstrates that his actions in failing to timely file the notice of appeal were not intentional or deliberate. At worst, it can be said appellant was negligent in not knowing or not taking advantage of the alternate suggestions recommended by the majority.

Once appellant offered an explanation which indicated he did not show an intentional disregard for the rules relevant to timely perfection of an appeal, he met the requirement of rule 10.5(b)(1)(C) as interpreted by *Garcia* and *Meshwert.* The supreme court has provided firm guidance on this matter: appellate courts should not dismiss an appeal for a procedural defect if any arguable interpretation of the rules would preserve the appeal. *Verburgt,* 959 S.W.2d at 616. It is more than arguable

that an inability to hire appellate counsel because of insufficient financial resources is a reasonable explanation for failing to timely perfect an appeal. I would find it difficult indeed to hold that poverty is an intentional or deliberate act. Finally, appellee has not claimed harm from the extra time it took for appellant to file his notice.

The majority cites no case in which a court has held that the explanation of insufficient funds to timely hire appellate counsel is not reasonable. The only published case which I have found that addresses this specific issue is *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287 (Tex.App.-Houston [1st Dist.] 1999, no pet.). There, the appellant explained he was represented on a contingency basis at trial and could not afford to hire an appellate attorney. *Id.* at 289. It was not until the day the notice of appeal was due that appellant was able to secure appellate representation. *Id.* The attorney then filed the notice of appeal late, but within the fifteen day grace period. *Id.* After citing *Garcia*, the court of appeals held the explanation provided by the appellant was sufficient to reasonably explain the untimely notice of appeal. *Id.*

The decision by the First Court of Appeals, though lacking in-depth analysis, is more consistent with the guidance provided by the supreme court in *Verburgt* than the decision of the majority in this case. Accordingly, I find it more persuasive than the position taken by the majority in this case.[1]

As we are to dispose of appeals on the merits and not on harmless procedural defects, unless disposition on the basis of

the procedural defect is absolutely necessary to effect the purposes of a rule, I respectfully dissent. The majority's holding is unnecessarily punitive under the circumstances of this case and deprives appellant of his right to pursue his appeal on the merits, a holding that is unnecessary to effect the purposes of any appellate rule. I would grant the motion to extend time to file the notice of appeal and deny the motion to dismiss.

---

1. It also bears mentioning that after searching both published and unpublished opinions, I have found only two instances in which this Court has refused to grant an extension of time to file a notice of appeal. *See Mukwange v. Metro Transit Authority*, 2000 WL 1356527, *1 (Tex.App.-Houston [14th Dist.] September 21, 2000, no pet.) (not designated for publication); *Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex.App.-Houston [14th Dist.] 1998, no pet.). In each of those cases, the appellant failed to provide *any* explanation for the failure to timely file the notice of appeal. *Id.* (emphasis added).