02-12-493-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00493-CV

 

 


 
 
 John
 M. Golden; J. Golden Properties, Inc.; and Joan Williams Golden
  
 v.
  
 Energy
 & Exploration Partners, LLC
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 48th District Court
  
 of
 Tarrant County (48-252435-11)
  
 January
 17, 2013
  
 Per
 Curiam
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00493-CV


 
 
 John M. Golden; J. Golden Properties, Inc.; and
 Joan williams Golden
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Energy & Exploration Partners, LLC
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 48th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

On December
11, 2012, Appellants filed a notice of appeal, attempting to appeal a final
judgment that was signed on August 27, 2012.  Appellants had filed a motion for
new trial on September 24, 2012, so the notice of appeal was due November 26,
2012.  See Tex. R. App. P. 26.1.  Along with their notice of appeal,
Appellants filed with this court a motion for extension of time to file their
notice of appeal.  Appellants sought a fifteen-day extension from the filing
deadline because “they were not able to pay a retainer to their attorney until
December 11, 2012.”

This
court may extend the time to file the notice of appeal if, within fifteen days
after the deadline for filing the notice of appeal, the party files the notice
of appeal in the trial court and “files in the appellate court a motion
complying with Rule 10.5(b).”  Tex. R. App. P. 26.3.  Rule 10.5(b) of the rules
of appellate procedure requires a motion to extend time to state, among other things,
“the facts relied on to reasonably explain the need for an extension.”  Tex. R.
App. P. 10.5(b)(1)(C).  A reasonable explanation is “any plausible statement of
circumstances indicating that failure to file within the [specified] period was
not deliberate or intentional, but was the result of inadvertence, mistake, or
mischance.”  Hone v. Hanafin, 104 S.W.3d 884, 886 (Tex. 2003) (quoting Meshwert
v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977)).  We apply a liberal standard
of review wherein “[a]ny conduct short of deliberate or intentional
noncompliance qualifies as inadvertence, mistake or mischance.”  Id. at
886–87 (quoting Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex.
1989)).

Appellants’
only explanation for their delay in filing their notice of appeal was that
“they were not able to pay a retainer to their attorney until December 11,
2012.”  This explanation does not show that the late filing was because of
“inadvertence, mistake, or mischance,” but rather a deliberate or intentional
decision to delay the filing until Appellants were able to raise funds to pay
their attorney.  Texas courts have rejected as unreasonable explanations that
show a conscious or strategic decision to wait to file a notice of appeal.  See,
e.g., Amegy Bank of Tex., N.A. v. Titan Servs., LLC, No. 2-09-00420-CV,
2010 WL 87095, at *1–2 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.)
(“Appellant consciously ignored the deadline in favor of deliberately
evaluating whether to file an appeal.”); Hidden Door, Inc. v. Bush, No. 05-05-01484-CV,
2006 WL 14276, at *1–2 (Tex. App.—Dallas Jan. 4, 2006, pet. denied) (mem. op.) (denying
motion to extend time because appellant’s explanation that his counsel had been
out of the country “closely resemble[d] the types of explanations . . . that
reflect appellant’s awareness of the deadline for timely notice of appeal but a
decision to ignore it.”); Hykonnen v. Baker Hughes Bus. Support Servs.,
93 S.W.3d 562, 564 (Tex. App.—Hous. [14th Dist.] 2002, no pet.) (“[A]ppellant’s
decision to ignore the deadline for filing the notice of appeal until he could
secure representation is not a reasonable explanation for failing to file the
notice of appeal as required by the rules of appellate procedure.”).

Even
applying the liberal standard of review adopted in Hone, we conclude
that Appellants have not offered a reasonable explanation for their failure to
timely file their notice of appeal.  See Hone, 104 S.W.3d at
886; Hykonnen, 93 S.W.3d at 564.  Accordingly, Appellants’ motion for
extension of time to file their notice of appeal is denied.  Because
Appellants’ notice of appeal was not timely filed, we dismiss the appeal for
want of jurisdiction.

 

 

PER CURIAM

 

 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DELIVERED:  January 17, 2013









[1]See Tex. R. App. P. 47.4.