

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00493-CV

| | | |
|---|---|---|
| John M. Golden; J. Golden Properties, Inc.; and Joan Williams Golden | § | From the 48th District Court |
| | § | of Tarrant County (48-252435-11) |
| v. | § | January 17, 2013 |
| Energy & Exploration Partners, LLC | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS


PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00493-CV

JOHN M. GOLDEN; J. GOLDEN                                    APPELLANTS
PROPERTIES, INC.; AND JOAN
WILLIAMS GOLDEN

V.

ENERGY & EXPLORATION                                          APPELLEE
PARTNERS, LLC

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On December 11, 2012, Appellants filed a notice of appeal, attempting to appeal a final judgment that was signed on August 27, 2012. Appellants had filed a motion for new trial on September 24, 2012, so the notice of appeal was

---

[1]*See* Tex. R. App. P. 47.4.

due November 26, 2012. *See* Tex. R. App. P. 26.1. Along with their notice of appeal, Appellants filed with this court a motion for extension of time to file their notice of appeal. Appellants sought a fifteen-day extension from the filing deadline because "they were not able to pay a retainer to their attorney until December 11, 2012."

This court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and "files in the appellate court a motion complying with Rule 10.5(b)." Tex. R. App. P. 26.3. Rule 10.5(b) of the rules of appellate procedure requires a motion to extend time to state, among other things, "the facts relied on to reasonably explain the need for an extension." Tex. R. App. P. 10.5(b)(1)(C). A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). We apply a liberal standard of review wherein "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." *Id.* at 886–87 (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

Appellants' only explanation for their delay in filing their notice of appeal was that "they were not able to pay a retainer to their attorney until December 11, 2012." This explanation does not show that the late filing was because of

3

"inadvertence, mistake, or mischance," but rather a deliberate or intentional decision to delay the filing until Appellants were able to raise funds to pay their attorney. Texas courts have rejected as unreasonable explanations that show a conscious or strategic decision to wait to file a notice of appeal. *See, e.g.*, *Amegy Bank of Tex., N.A. v. Titan Servs., LLC*, No. 2-09-00420-CV, 2010 WL 87095, at *1–2 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.) ("Appellant consciously ignored the deadline in favor of deliberately evaluating whether to file an appeal."); *Hidden Door, Inc. v. Bush*, No. 05-05-01484-CV, 2006 WL 14276, at *1–2 (Tex. App.—Dallas Jan. 4, 2006, pet. denied) (mem. op.) (denying motion to extend time because appellant's explanation that his counsel had been out of the country "closely resemble[d] the types of explanations . . . that reflect appellant's awareness of the deadline for timely notice of appeal but a decision to ignore it."); *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 564 (Tex. App.—Hous. [14th Dist.] 2002, no pet.) ("[A]ppellant's decision to ignore the deadline for filing the notice of appeal until he could secure representation is not a reasonable explanation for failing to file the notice of appeal as required by the rules of appellate procedure.").

Even applying the liberal standard of review adopted in *Hone,* we conclude that Appellants have not offered a reasonable explanation for their failure to timely file their notice of appeal. *See Hone*, 104 S.W.3d at 886; *Hykonnen*, 93 S.W.3d at 564. Accordingly, Appellants' motion for extension of time to file their

notice of appeal is denied. Because Appellants' notice of appeal was not timely filed, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: January 17, 2013