**DISMISS; and Opinion Filed April 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00225-CV

### MICHELLE JAHNER, Appellant
### V.
### ASHLYN JAHNER, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-55510-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Justice Lang-Miers

Before the Court is appellant's March 23, 2015 opposed motion to extend time to file her notice of appeal. Because we conclude appellant did not provide a reasonable explanation for the need for an extension, we deny appellant's motion and dismiss this appeal for lack of jurisdiction.

The order appellant seeks to appeal in this case is a protective order rendered pursuant to chapter 85 of the Texas Family Code signed on November 17, 2014. Appellant filed a motion to modify, correct or reform the protective order on December 17, 2014, which was within thirty days of the trial court's order. Thus, appellant's notice of appeal would have been due no later than February 16, 2015. Appellant filed her notice of appeal on February 25, 2015.

An extension of time to file a notice of appeal may be granted if an appellant files a notice of appeal within fifteen days after the deadline for timely filing a notice of appeal and files

a motion complying with rule of appellate procedure 10.5(b). *See* TEX. R. APP. P. 26.3. Accordingly, by letter dated March 13, 2015, the Court directed appellant to file within 10 days of the date of the letter a motion for extension of time to file her notice of appeal that complied with rule 10.5(b).  Appellant filed a motion for extension of time, but the motion did not comply with rule 10.5(b).

Rule 10.5(b)(2) requires that a motion for extension of time to file a notice of appeal must set forth the facts relied on to reasonably explain the need for an extension.  TEX. R. APP. P. 10.5(b)(2)(A).  The Texas Supreme Court has defined "reasonable explanation" to mean any plausible statement of circumstance indicating that failure to file the notice of appeal within the required period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance.  *Garcia v. Kastner Farms, Inc.,* 774 S.W.3d 668, 669 (Tex. 1989).  The supreme court emphasized that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance." *Id.*

Explanations that show an appellant's conscious or strategic decision to wait to file a notice of appeal do not show inadvertence, mistake, or mischance. *See, e.g., Polk v. Dallas Cnty.,* No. 05-13-01731-CV, 2014 WL 1413737, at *1 (Tex. App.—Dallas Mar. 31, 2014, no pet.) (appellant was aware of deadline for filing his notice of appeal, but consciously ignored the deadline while making a determination about whether the decision to appeal made economic sense); *Hykonnen v. Baker Hughes Bus. Support Serv.,* 93 S.W.3d 562, 563–64 (Tex. App.—Houston [14th Dist.], 2002, no pet.) (appellant failed to file notice of appeal until he found attorney to represent him on appeal at little or no cost); *Weik v. Second Baptist Church of Houston,* 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). (appellant did not file notice of appeal because lawyer told him that if he appealed case while trial court still had authority to reinstate, appellant would have a difficult time prosecuting claim because of trial

court's displeasure). For that reason, this Court has rejected as unreasonable an appellant's explanation that "Appellant had filed a motion to amend the judgment of the court below but the judgment could not be heard until January 30, 2006, which was after the deadline for filing the appeal but still a date within the plenary jurisdiction of the court below." *Crossland v. Crossland,* No. 05–06099228–CV, 2006 WL 925032, at *1 (Tex. App.—Dallas Apr. 11, 2006, no pet.) (mem. op.). The Court concluded that the explanation in *Crossland* represented a "conscious decision to ignore the appellate timetable in favor of the trial court's jurisdictional timetable." *Id.* at *2. This case falls into the same category.

Appellant explained her need for an extension as follows:

Appellant filed her Motion To Modify, Correct, Or Reform Amended Final Protective Order And/Or Motion For New Trial on December 17, 2014. A hearing on Appellant's motion was scheduled and set to convene February 19, 2015. After an in-Chambers conference, the trial court announced the motion was overruled by operation of law, and the hearing was never convened. Appellant filed her Notice of Appeal on February 25, 2015

As in *Crossland*, appellant states she chose to await a trial court hearing before deciding whether to file a notice of appeal. Consequently, as in *Crossland*, we conclude appellant has not provided a reasonable explanation for the need for an extension. We deny appellant's motion to extend time to file her notice of appeal.

Without a timely filed notice of appeal, this Court lacks jurisdiction. TEX. R. APP. P. 25.1(b). Accordingly, we dismiss this appeal for lack of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150225F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHELLE JAHNER, Appellant

No. 05-15-00225-CV        V.

ASHLYN JAHNER, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-55510-2014.
Opinion delivered by Justice Lang-Miers.
Chief Justice Wright and Justice Stoddart participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee ASHLYN JAHNER recover her costs of this appeal from appellant MICHELLE JAHNER.

Judgment entered this 28th day of April, 2015.