**Affirmed and Memorandum Opinion filed August 27, 2015.**



In the

# Fourteenth Court of Appeals

## NO. 14-14-00768-CV

## IN THE INTEREST OF O.Z.O.

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-67564**

## M E M O R A N D U M   O P I N I O N

In this suit affecting the parent-child relationship, appellant Denetra McClairne and appellee Olakunle Oladunni each petitioned for custody of their minor child, O.Z.O. On May 23, 2014, in accordance with the jury's findings, the trial court signed a judgment naming McClairne and Oladunni joint managing conservators and granting Oladunni the exclusive right to determine the child's residence, subject to a geographic restriction. McClairne filed a timely motion for new trial, which was overruled by operation of law. McClairne now appeals the judgment in six issues. In her first five issues, McClairne claims the trial court abused its discretion when it failed to declare a mistrial on its own motion after the

jury heard allegedly inadmissible evidence. In her sixth issue, McClairne claims the trial court erred in refusing to submit one of her requested jury questions. We affirm.

## Jurisdiction

As an initial matter, we must determine whether we have jurisdiction over this appeal. The judgment was signed May 23, 2014. McClairne filed a timely motion for new trial on June 23, 2014 and then filed a notice of appeal on August 28, 2014. The notice of appeal was filed outside of the ninety-day period for filing a notice of appeal but within the fifteen-day period permitted for an extension of time. *See* Tex. R. App. P. 26.1(a), 26.3.

Under *Verburgt v. Dorner*, a motion for extension of time to file a late notice of appeal is implied when an appellant, acting in good faith, files a notice of appeal beyond the time prescribed in Rule 26.1 but within the fifteen-day grace period of Rule 26.3. 959 S.W.2d 615, 617 (Tex. 1997). To benefit from *Verburgt*, an appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* Tex. R. App. P. 10.5(b), 26.3; *Verburgt*, 959 S.W.2d at 617. If the appellant does not file a reasonable explanation, we must dismiss the appeal for want of jurisdiction. *See Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.); *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 564 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

A reasonable explanation means any plausible statement of circumstances indicating that the failure to file within the required time period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Hykonnen*, 93 S.W.3d at 563. Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance—even if that conduct can be characterized as professional negligence. *Id.*

2

Here, McClairne did not file a motion to extend the time to file the notice of appeal. On August 11, 2015, this court ordered McClairne to file such a motion on or before August 21, 2015, providing a reasonable explanation for her failure to timely file the notice of appeal. McClairne filed a response on August 13, 2015. In her response, McClairne states that her attorney was suffering from intense oral pain and had to have surgery. We conclude that this meets the test of "reasonably explaining" the need for an extension. *See, e.g., Nolan v. Ramsey*, 783 S.W.2d 212, 212–13 (Tex. 1990) (explanation was reasonable when attorney had recently given birth and was away on maternity leave); *Anderson v. Coleman*, 626 S.W.2d 301, 301 (Tex. 1981) (explanation was reasonable when attorney had a heart attack and was hospitalized when filing was due). Because McClairne has offered a reasonable explanation for her failure to timely file a notice of appeal, we grant McClairne's motion for extension of time to file her notice of appeal.

We turn now to the issues McClairne raises on appeal.

**Failure of the Trial Court to Declare a Mistrial**

In issues one through five, McClairne complains of the trial court's failure to declare a mistrial on its own motion after the jury heard hearsay testimony from Oladunni regarding an alleged act of child abuse committed by McClairne. At trial, the following exchange occurred:

[Oladunni's Attorney]. And how did you get temporary custody of your child?

[Oladunni]. An incident happened on or about April of last year. I was called by CPS that my son's mom was trying to drown him.

[McClairne's Attorney]: Object as being hearsay, Your Honor.

THE COURT: Sustained.

[McClairne's Attorney]: Ask it be stricken from the record.

THE COURT: Stricken from the record. The jury is instructed to

3

disregard anything this witness says where he is reciting something someone else told him with very few exceptions. As to that comment, objection sustained and stricken from the record.

McClairne argues that the trial judge's sustaining of the objection and contemporaneous instruction for the jury to disregard the testimony was inadequate to remove the prejudicial taint of Oladunni's statement and constituted an implicit comment on the weight of the testimony, particularly in light of the fact that O.Z.O. was not represented by an attorney ad litem. We do not reach the merits of McClairne's claim because she did not preserve error for appellate review.

To preserve a complaint for appellate review, a party must present the complaint to the trial court in a timely request, objection, or motion, state the specific grounds for the requested ruling, and obtain a ruling. *See* Tex. R. App. P. 33.1.

> To preserve error *after* inadmissible evidence is allowed before the jury, a party must sequentially pursue an adverse ruling from the trial court by: (1) objecting to the complained of evidence, (2) moving the court to strike the evidence from the record, (3) requesting the court to instruct the jury to disregard the evidence, and (4) moving for a mistrial.

*One Call Sys., Inc. v. Hous. Lighting & Power*, 936 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *see Nat'l Carriers, Inc. v. Ray*, No. 04-01-00413-CV, 2003 WL 1964064, at *2 (Tex. App.—San Antonio Apr. 30, 2003, no pet.) (mem. op.); *Hur v. City of Mesquite*, 893 S.W.2d 227, 231–32 (Tex. App.—Amarillo 1995, writ denied).[1] Absent an adverse ruling, nothing is preserved for

---

[1] We do not perceive any conflict between this preservation standard and the holding in *Condra Funeral Home v. Rollin*, 314 S.W.2d 277, 280 (Tex. 1958). Unlike the issue presented in this case, which concerns witness testimony, the *Condra* court considered whether a motion for mistrial was required as a result of attorney misconduct. *See id.*; *see also Hur v. City of Mesquite*, 916 S.W.2d 510, 511–12 (Tex. App.—Amarillo 1995, no pet.) (op. on reh'g) (in denying appellant's motion for rehearing, the court assumed, without deciding, that *Condra* controls and

appellate review. *One Call Sys.*, 936 S.W.2d at 677.

Here, the trial court sustained McClairne's objection to Oladunni's testimony, struck the testimony from the record, and, as requested, instructed the jury to disregard the testimony. McClairne did not subsequently move for a mistrial and obtain an adverse ruling from the trial court regarding a mistrial. Because McClairne did not pursue and obtain an adverse ruling from the trial court as to a motion for mistrial, she did not preserve error for appellate review. *See id.*; *Ortiz v. Ford Motor Credit Co.*, 859 S.W.2d 73, 77 (Tex. App.—Corpus Christi 1993, writ denied) ("One must continue with his motions until he receives an adverse ruling from the court."). We overrule issues one through five.

## Jury Charge

In her sixth issue, McClairne claims the trial court erred when it did not submit Question 1 of her proposed jury questions.

Both parties submitted proposed jury charges. In creating its Final Charge of the Court, the trial court used the first two pages of Oladunni's proposed jury charge, which contained general boilerplate instructions for the jury. The court then deleted McClairne's proposed Question 1, which reads, in relevant part, as follows:

> In determining whether to appoint a party sole or joint managing conservator, you should consider evidence of the intentional use of abusive physical force, by a party directed against his or her spouse, against a parent of the child, or against any person younger than eighteen years of age committed within a two-year period preceding the filing of the suit or during the pendency of the suit.

> Is there a preponderance of the evidence of the intentional use of abusive physical force, by a party directed against DENETRA MCCLAINE [sic] committed within a two-year period preceding the

held that the trial court's error, if any, was harmless).

filing of the suit or during the pendency of the suit.

Instead of using the proposed Question 1 as written, the trial court incorporated the substance of proposed Question 1 into a general instruction on the law relevant to a party's history and pattern of abuse. *See* Tex. Fam. Code Ann. § 153.004 (West, Westlaw current through 2015 R. Sess.). The resulting instruction reads:

> In determining whether to appoint a party as a sole or joint managing conservator, you shall consider evidence of the intentional use of abusive physical force, by a party directed against the party's spouse, a parent of the child, or any person younger than 18 years of age committed within a two year period preceding the filing of the suit, or during the pendency of the suit.
>
> You may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical abuse by one parent directed against the other parent, a spouse, or a child.
>
> It is a rebuttable presumption that the appointment of a parent as the sole managing conservator of a child or as the conservator who has the exclusive right to determine the primary resident of a child is not in the best interest of the child if credible evidence is presented of a history or pattern of past or present child neglect by that parent directed against the other parent, a spouse, or a child.

The court then renumbered McClairne's remaining proposed jury questions to reflect its deletion of proposed Question 1 and proposed Question 5.[2] The resulting Question 1 read, in pertinent part, as follows:

> Who should be appointed managing conservator of the child?
>
> You may answer by naming one person sole managing conservator or by naming two persons join managing conservators.

After the charge conference, the following conversation occurred:

---

[2] McClairne does not complain on appeal about the trial court's deletion of her proposed Question 5.

6

THE COURT: All right. We're back on the record in Cause Number 2010-67564. Both attorneys are before the bench, each having tendered a proposed charge. The court has had a discussion and charge conference with the lawyers and presented the lawyers with what is going to be the Final Charge of the Court, which is file stamped April 29th, 2014. And, gentlemen, I'm going to write above Charge of the Court Final since there are so many versions out there just so that it's clear on the record which one this is.

All right. And, counsel, just to confirm the positions on the two of you, *there's no objection to any of the questions, and the only objection to the instruction* was for Mr. Waobikeze [Oladunni's Counsel] who believed that the statement about abuse with regard to being committed within two years preceding the filing of the suit, or during the pendency of this suit should not be included based on the argument that the one conviction out there is, and your client's position more than two years ago.

Is that a correct statement of y'all's position on the charge?

[Oladunni's Counsel]: That's correct, judge.

THE COURT: Other than that, *with that one issue* which the court overrules, is the charge an agreed upon charge between the two of you?

[McClairne's Counsel]: Yes, it is, Your Honor.

[Oladunni's Counsel]: Yes, it is, Your Honor.

THE COURT: All right. The court accepts and adopts what's titled the Final Charge of the Court. When the jury gets ready, we'll charge the jury. Thank you, folks. You probably have about five minutes and then we'll be ready to go.

(Emphases added).

A party should not be able to take one position before the trial court and the opposite position on appeal. *Steward & Stevenson Servs., Inc. v. Enserve, Inc.*, 719 S.W.2d 337, 341 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). If an appellant agrees to the submitted jury charge, then the appellant cannot take a different position on appeal by complaining that the charge was defective. *Casteel-*

7

*Diebolt v. Diebolt*, 912 S.W.2d 302, 304 (Tex. App.—Houston [14th Dist.] 1995, no writ); *see In re W.J.H.*, 111 S.W.3d 707, 711 (Tex. App.—Fort Worth 2003, pet. denied), *superseded by statute on other grounds*, *as stated in In re D.A.R.*, 201 S.W.3d 229, 230 (Tex. App.—Fort Worth 2006, no pet.); *see also Marshall v. Harris Cnty. Mun. Util. Dist.*, No. 01-07-00910, 2011 WL 286167, at *11–12 (Tex. App.—Houston [1st Dist.] Jan. 20, 2011, pet. denied) (mem. op.) (addressing only issues expressly reserved by party who in all other respects agreed to the submitted jury charge); *Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 101–02 (Tex. App.—Eastland 2006, pet. denied) (defendants did not preserve error when, after submitting a proposed jury charge with questions related to fraud, deceptive trade practices, and breach of fiduciary duty, they subsequently agreed to the omission of those claims from the charge).

The record shows that, after the trial court incorporated into an instruction the language from McClairne's proposed Question 1, McClairne's counsel agreed to the submitted jury charge, did not object to the trial court's edits, and did not bring to the court's attention any outstanding issues related to McClairne's proposed Question 1. Therefore, McClairne did not preserve for appellate review her complaint that the trial court failed to include the proposed Question 1 in the jury charge. *See Diebolt*, 912 S.W.2d at 304; *see, e.g., Mason v. Dall. Cnty. Child Welfare Unit*, 794 S.W.2d 454, 456 (Tex. App.—Dallas 1990, no writ) (error not preserved where trial court included a modified version of the requested instruction in the general instructions and appellant did not object to the modified instruction). We overrule McClairne's sixth issue.

## Conclusion

Having overruled McClairne's issues on appeal, we affirm the trial court's judgment.

/s/     Marc W. Brown
        Justice

Panel consists of Justices Christopher, Brown, and Wise.