ACCEPTED
04-15-00683-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/12/2015 9:57:59 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00683-CV

**IN THE COURT OF APPEALS**
**FOURTH JUDICIAL DISTRICT OF TEXAS**
**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/12/2015 9:57:59 AM
KEITH E. HOTTLE
Clerk

**BARTON WADE and MARY WADE,**

**APPELLANTS,**

**v.**

**SABR MORTGAGE LOAN 2008-1 REO SUBSIDIARY-LLC,**

**APPELLEE.**

**Appeal from the County Court at Law No. 10**
**Bexar County, Texas**
**Trial Court Case No. 2015CV03726**
**Hon. David J. Rodriguez, presiding**

**APPELLEE'S RESPONSE TO APPELLANT'S MOTION FOR**
**EXTENSION TIME TO FILE NOTICE OF APPEAL**

TO THE HONORABLE COURT OF APPEALS:

Appellee SABR Mortgage Loan 2008-1 REO Subsidiary-1 LLC files this its

Response to Appellant Barton Wade's Motion for Extension of Time to File Notice

of Appeal and respectfully shows as follows:

## I.

Appellant Barton Wade ("Appellant")[1] filed his Notice of Appeal late. As reflected in the Docketing Statement that Appellant filed, the Trial Court's Judgment was signed on September 17, 2015. *See Docketing Statement.* Pursuant to Texas Rule of Appellate Procedure 26.1, Appellant's Notice of Appeal was due on October 19, 2015. TEX. R. APP. P. 26.1(a); *see also* TEX. R. APP. 4.1(a) (extending deadline to next business day when deadline falls on a weekend). Appellant, however, did not file his Notice of Appeal until November 2, 2015, which was fourteen days after it was due. *See Appellant's Notice of Appeal.* On the same day that Appellant filed his Notice of Appeal, he also filed a Motion for Extension of Time to File Notice of Appeal. *See Motion for Extension of Time to File Notice of Appeal.* Pursuant to Texas Rule of Appellate Procedure 26.3, an appellant may file a motion to extend the time to file a notice of appeal up to fifteen days after the date that the appellant's notice of appeal was due. TEX. R. APP. P. 26.3.

But even if a notice of appeal is filed within this fifteen-day grace period, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 26.3. 10.5(b)(1)(C); *Hone v. Hanafin*, 104

---

[1] Even though Mary Wade is identified as an Appellant in the style of Appellant Barton Wade's Motion for Extension of Time to File Notice of Appeal in this matter, Mary Wade filed neither a notice of appeal nor any other documents in connection with this appeal. Therefore, Mary Wade is not a party to this appeal.

S.W.3d 884, 885 n.1 (Tex. 2003). An explanation is reasonable if the failure to timely file the notice of appeal was "not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Id.* at 886 (quoting *Meshwert v. Meshwert,* 549 S.W.2d 383, 383-84 (Tex. 1977)); *see also Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657 (Tex. App.—San Antonio 1998, order).

Explanations that show an appellant's conscious or strategic decision to wait to file a notice of appeal do not show inadvertence, mistake, or mischance. *See, e.g., Polk v. Dallas County*, No. 05-13-01731-CV, 2014 Tex. App. LEXIS 3760, 2014 WL 1413737, at *1 (Tex. App.—Dallas Mar. 31, 2014, no pet.) (appellant was aware of deadline for filing his notice of appeal, but consciously ignored the deadline while making a determination about whether the decision to appeal made economic sense); *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563-64 (Tex. App.—Houston [14th Dist.], 2002, no pet.) (appellant failed to file notice of appeal until he found attorney to represent him on appeal at little or no cost); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (appellant did not file notice of appeal because lawyer told him that if he appealed case while trial court still had authority to reinstate, appellant would have a difficult time prosecuting claim because of trial court's displeasure).

Appellant's explanation for the late-filing of his Notice of Appeal falls into this same category. In his Motion for Extension of Time, he acknowledges that he knew of the deadline, but goes on to say that he waited to file his Notice of Appeal because he was not sure if he would have enough time to spend on the appeal. *See Motion for Extension of Time to File Notice of Appeal.* He states that his mother's health is poor and that his health has been poor, and for those reasons, he waited to file until he felt that he could spend enough time on the appeal. *Id.*

Appellant's explanation does not meet the standard required for an extension of time under Rule 26.3. Appellant does not state that his or his mother's health distracted him or otherwise caused him to miss the filing deadline somehow. Rather, he states that he "was not certain" that he would be able to devote sufficient time to the appeal. *See Motion for Extension of Time to File Notice of Appeal.* The Fourteenth Court of Appeals considered a similar argument, where the indigent appellant waited to file a notice of appeal because he had difficulty finding an attorney who would handle his appeal *pro bono. Hykonnen*, 93 S.W.3d at 563-64. The Fourteenth Court found those explanations to be untenable because the appellant's decision not to file his notice of appeal on time was nevertheless deliberate.

Here, like in *Hykonnen*, Appellant made a conscious decision not to file his Notice of Appeal when it was due. By definition, a conscious decision is not

"inadvertence, mistake, or mischance". *See id; see also Polk,* 2014 Tex. App. LEXIS 3760, 2014 WL 1413737, at \*1; *Green v. Cypress Fairbanks Med. Ctr. Hosp.*, No. 04-01-00434-CV, 2001 Tex. App. LEXIS 8559, 2001 WL 1665106, at \*1 (Tex. App.—San Antonio Dec. 31, 2001, no pet.). To the contrary, Appellant's decision not to file his Notice of Appeal by the deadline was "deliberate" and, therefore, his request for an extension of time to file his Notice of Appeal is unfounded. *See Hone,* 104 S.W.3d at 886.

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully requests the Court deny Appellant's Motion for Extension of Time to File Notice of Appeal, dismiss this Appeal for want of jurisdiction, and grant Appellee with all other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2015, a true and correct copy of the foregoing was served via regular U.S. mail and E-Serve to the Appellants of record listed below:

Barton Wade
Mary Wade
7530 Buckboard
San Antonio, Texas 78227
Bart.Wade@outlook.com

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**