

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00353-CV
_____

C.E. HODDE, APPELLANT

V.

CITY OF BRYAN, APPELLEE

_____

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 18-002165-CV-272; Honorable Travis B. Bryan III, Presiding

_____

October 22, 2019

## ORDER OF DISMISSAL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, C.E. Hodde, appearing pro se, seeks to appeal the trial court's summary judgment in favor of Appellee, the City of Bryan.[1] Pending before the court is *Appellant's Motion for Extension of Time to File Notice of Appeal.* We deny the motion and dismiss the appeal for want of jurisdiction.

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

The trial court signed the summary judgment order on August 19, 2019. Because Hodde did not file any post-judgment motions,[2] his notice of appeal was due thirty days after the judgment was signed, by September 18, 2019. TEX. R. APP. P. 26.1(a). Hodde did not file a notice of appeal until September 27, 2019. He subsequently filed the pending motion for extension. In the motion, Hodde states that an "extension of time is necessary because appellant was unable to hire an attorney to assist him with said appeal by the deadline." The City of Bryan opposes the motion.

Pursuant to Rule of Appellate Procedure 26.3, an appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline, the appellant files a notice of appeal and a motion seeking an extension of time. The motion must reasonably explain the need for the extension. TEX. R. APP. P. 26.3, 10.5(b). A reasonable explanation is any plausible statement of circumstances indicating that the failure to file the notice within the required time period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance. *Id.* at 670.

Hodde's explanation does not indicate that he was unaware of or miscalculated the notice of appeal deadline. Instead, his motion simply states that he filed the notice

---

[2] Hodde filed a document titled "Notice of Appeal and Motion for New Trial" with the trial court clerk on September 27, 2019. The document states that Hodde "is appealing the summary judgment decision," but does not request that the trial court set aside the judgment or grant a new trial. As a result, we find that the document is only a notice of appeal in substance. *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam) (the substance of a motion is not determined by its title but gleaned from the body of the motion and prayer for relief). Further, even if construed as a motion for new trial, the motion was not timely filed. TEX. R. CIV. P. 329b(a) (requiring a motion for new trial to be filed within thirty days after the judgment is signed).

untimely because he could not find an attorney to represent him before the deadline. An explanation that shows a conscious or strategic decision to wait to file a notice of appeal—such as searching for counsel instead of timely filing a pro se notice of appeal—is not a reasonable explanation under appellate rule 26.3. *See Golden v. Energy & Exploration Partners, LLC.*, No. 02-12-00493-CV, 2013 Tex. App. LEXIS 449, *2-3 (Tex. App.—Fort Worth Jan. 17, 2013, no pet.) (mem. op.) (per curiam) (unable to pay attorney's retainer by the deadline); *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563-64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (did not have funds to hire counsel by the time the notice was due).

Hodde has not demonstrated that his late notice of appeal was the result of inadvertence, mistake, or mischance. *Garcia,* 774 S.W.2d at 670. We, therefore, find that he has not reasonably explained the need for an extension and deny his motion to extend the time to file a notice of appeal. TEX. R. APP. P. 26.3. Because a timely notice of appeal is essential to invoking this court's jurisdiction, we have no discretion to permit Hodde's untimely filed notice of appeal to confer jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997).

Accordingly, we dismiss the purported appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam