**Opinion issued August 13, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00790-CV

———————————

**CHARLES SCHOELLKOPF, Appellant**

**V.**

**DOMINGUEZ B. SALAYES, Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-04508**

---

**MEMORANDUM OPINION**

Charles Schoellkopf attempts to appeal from the trial court's July 19, 2023 order dismissing his lawsuit against Dominguez B. Salayes for want of prosecution.

Generally, a notice of appeal is due within 30 days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended

to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Hous.*, 976 S.W.2d 676, 677 (Tex. 1998). Without a timely filed notice of appeal, this Court lacks jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1.

The record reflects that the trial court signed the order dismissing Schoellkopf's lawsuit on July 19, 2023. Schoellkopf timely filed a motion to reinstate on August 4, 2023. *See* TEX. R. CIV. P. 165a(3). Therefore, Schoellkopf's notice of appeal was due by October 17, 2023. *See* TEX. R. APP. P. 26.1(a).[1]

---

[1]     The trial court signed the order of dismissal on July 19, 2023, and Schoellkopf timely filed his motion to reinstate on August 4, 2023. *See* TEX. R. APP. P. 165a(3) (motion for reinstatement must be filed within 30 days after the order of dismissal

Schoellkopf did not file his notice of appeal until October 23, 2023, outside the 90-day timeframe under Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3. Thus, although Schoellkopf did not file a motion for extension of time to file his notice of appeal, one may be implied if he provided this Court with a reasonable explanation of the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *see also Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003).

---

is signed). Because the trial court did not rule on the motion to reinstate within 75 days after the order of dismissal was signed, such motion was overruled by operation of law on October 2, 2023. *See id.* ("[I]f a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed . . . the motion shall be deemed overruled by operation of law."). Although Schoellkopf filed a second motion to reinstate on October 3, 2023, that motion was filed more than 30 days after the order of dismissal and, therefore, was untimely. *See id.*

Still, the trial court retained plenary power to reinstate the case until 30 days after the timely motion to reinstate was overruled, or until November 1, 2023. *See id.* The trial court signed an order purporting to reinstate the case on November 2, 2023, one day late.

An order reinstating a case normally moots a party's appeal from an order of dismissal for want of prosecution. *See Muck v. Faizi*, No. 01-21-00344-CV, 2022 WL 17813797, at *1 (Tex. App.—Houston [1st Dist.] Dec. 20, 2022, no pet.) (per curiam) (mem. op.). But because the trial court's November 2, 2023 order was signed after the trial court lost plenary power, it is void. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) ("[T]he time limits provided in rule 165a are mandatory and jurisdictional and . . . orders of reinstatement entered after their expiration are void."); *In re Romero*, No. 01-21-00629-CV, 2022 WL 23939, at *2 (Tex. App.—Houston [1st Dist.] Jan. 4, 2022, no pet.) (per curiam) (mem. op.) (holding that because trial court signed the order of reinstatement after its plenary power had expired, order of reinstatement was void).

On July 11, 2024, we notified Schoellkopf that his appeal was subject to dismissal for want of jurisdiction unless, by July 22, 2024, he filed a response providing a reasonable explanation for the untimely filing of the notice of appeal. *See* TEX. R. APP. P. 42.3; *see also Jones*, 976 S.W.2d at 677. Schoellkopf filed a response to this notice, a day late, asserting as his "reasonable explanation" that the defendant has not been served below, "therefore there is no one to put on notice." He further stated that he "believed in good faith that the case would be reinstated before plenary power ended, but ultimately [the] order was signed a day late."

A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone*, 104 S.W.3d at 886. Schoellkopf's explanation demonstrates that his failure to file the notice of appeal within the time period prescribed by Rule 26.1 was not the result of inadvertence, mistake, or mischance. Rather, it reflects a conscious decision either to not file a notice of appeal because there was "no one to put on notice," or to wait to file a notice of appeal in the hopes that the trial court would grant the motion to reinstate. An explanation that shows a conscious decision to wait to file a notice of appeal is not considered a "reasonable explanation" demonstrating the need for an extension of time. *See Torres v. Cheniere Energy, Inc.*, No. 01-22-00659-CV, 2022

4

WL 17346208, at *3 (Tex. App.—Houston [1st Dist.] Dec. 1, 2022, pet. denied) (per curiam) (mem. op.).[2]

Because Schoellkopf has not demonstrated that his untimely notice of appeal was the result of inadvertence, mistake, or mischance, we conclude that he has not provided a reasonable explanation for his untimely filed notice of appeal or the need for an extension, and we cannot grant an implied motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *see also Torres*, 2022 WL 17346208, at *3. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also* TEX. R. APP. P. 42.3(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

---

[2] *See also Polk v. Dall. Cnty.*, No. 05-13-01731-CV, 2014 WL 1413737, at *1–2 (Tex. App.—Dallas Mar. 31, 2014, no pet.) (mem. op.) ("Because appellant's explanation in this case shows he . . . consciously ignored the [notice of appeal] deadline while making a determination about whether to file an appeal, we conclude appellant has not provided a reasonable explanation for the need for an extension."); *Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 564 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("[A]ppellant's decision to ignore the deadline for filing the notice of appeal until he could secure [legal] representation [was] not a reasonable explanation for failing to file the notice of appeal as required by the rules of appellate procedure.").